## Case No. 12,764.

### SHERMAN v. COMSTOCK.

[2 McLean, 19.] [1]

Circuit Court, D. Michigan. Oct. Term, 1839.

PLEADING AT LAW—AGENCY—AVERMENT IN DECLARATION—NOTICE—NOTES.

1. An averment in the declaration that A B, by C D, made a certain bill, or check, is sufficient.

2. The holder of a check must give notice to the drawer, if payment by the bank be refused. And a declaration on such an instrument is defective, if notice be not averred.

[Cited in Purcell v. Allemong, 22 Grat. 742.]

[This was an action on a note by Robert S. Sherman against Horace H. Comstock.]

Atterbery & Pitts. for plaintiff.
Mr. Howard, for defendant.

OPINION OF THE COURT. The first count in the declaration states that, on the 14th of December, 1838, the defendant made his certain note, or check. in writing, in the words and figures following: "Detroit, 14th December, 1838. Cashier of the Michigan State Bank, pay to Morgan and Clark, or bearer, $674 96, thirty days from date. (Signed) Horace H. Comstock, by Joel Clemens,"—and then and there delivered said note or check, to said plaintiff, for value received. And said plaintiff, in fact, saith, that afterwards, and when said note or check, became due, and payable, according to the tenor and effect thereof, the same was presented and shown to said Michigan Bank, and was not paid, &c.

To this count, the defendant demurred, and for cause of demurrer, states: First: Because it does not appear in the declaration that the said Clemens was authorized to act as the agent of the said defendant, in making said note or draft. And, second: That it is not averred that the defendant had notice of the dishonor of the said note or check.

As it regards the execution of the note by the defendant. it is sufficiently averred in the declaration. He signed it by Joel Clemens; and that Clemens was authorized to act in the premises appears; for, that his act is alleged to be the act of his principal. The declaration might have contained an averment that Clemens was duly authorized to act as the attorney in fact of the defendant, but

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

such an averment is unnecessary. [Childress v. Emory] 8 Wheat. [21 U. S.] 642. Bayley, Bills, 103; 2 Phil. Ev. c. 1, pp. 4–6.

And, as it respects the second ground of demurrer, a notice of nonpayment is considered indispensable. This instrument is in form and substance a bill of exchange. There is a drawer and a drawee, and the holder of the bill, who is bound to present it at maturity, and give notice of nonpayment to the drawer. There is the same reason to require notice in this case as in any other; and it is essential that the declaration should contain an averment of notice. On this ground the demurrer is sustained.

The plaintiff then moved for leave to amend his declaration, which was granted, on payment of costs.