ADAMS, Respondent, v. DARBY & BARKSDALE, Appellants.

1. It will be presumed that the drawer of a bill of exchange has a right to draw on the drawee thereof until the contrary be shown ; if the payee or holder seeks to recover of the drawer in a case where no presentment has been made, it will devolve on him to show that the drawer had no funds in the hands of the drawee and no right to draw on him ; it will not be sufficient to show that the drawer withdrew his funds after the maturity of the bill.

2. Whenever it is incumbent upon the holder of a bill to make presentment thereof, and he neglects to do so, he will lose not only his remedy upon the bill, but also upon the consideration or debt in respect of which it was given or transferred.

*Appeal from St. Louis Circuit Court.*

*Knox & Kellogg*, for appellants.

I. Where a party has received money which in equity and good conscience he has no right to retain, he is liable, in an action for money had and received, to the person to whom in justice and conscience the money belongs. (7 Mass. 288; 10 S. & R. 219; 6 S. & R. 369; 1 Dall. 148; 2 Dall. 154; 1 Harr. & Gill, 258; 13 Wend. 488; 2 Denio, 91.) The bill of exchange was payable out of the proceeds of the castor oil. The defendant received the proceeds of the oil. By drawing the bill, he had agreed with him who might be the holder of the bill at maturity that the same should be paid out of the proceeds of the oil. The proceeds were received by plaintiff. It is quite immaterial whether the bill of exchange was presented or not. Respondent could have sustained no damage in consequence of the failure to present. The plaintiff withdrew all property in the hands of the drawee. He retains $925, to which, in common honesty, the defendants are entitled.

*Bland & Coleman*, for respondent.

I. Plaintiff was not liable upon the bill. The failure to present discharged the drawer. (Chitty on Bills, 385; Byles on Bills, 169.) The want of presentment was not excused. (See Chitty on Bills, 389; Byles, 171, 230, 231.) The plaintiff was not liable for money had and received. The bill of exchange did not operate as an assignment of the proceeds of the sale of the oil. It was a bill of exchange, not an order to pay over the proceeds. (See Kimball v. McDonald, 20 Mo. 577; Luf v. Hope, 5 Hill, 413; Byles on Bills, 74.)

RICHARDSON, Judge, delivered the opinion of the court.

It is averred in the petition that on the 4th of September, 1856, the plaintiff deposited with the defendants, who are bankers, $2,296, under the agreement that he could withdraw the same at his pleasure; that he drew checks against the

deposit, prior to the 18th of October, to the amount of $1,635, leaving a balance of about $660; and that afterwards, on the 17th of December, he drew a check for said balance which the defendants refused to pay. The defendants in their amended answer did not deny any of the allegations in the petition, but set up as a counter claim that the plaintiff, on the 15th of April, 1856, drew a bill of exchange on Oglesby & Macauley, of New Orleans, and therein and thereby directed them, sixty days after the date thereof, to pay to the order of Kirkman & Luke $925 for value received, and to charge the same to account of fifteen barrels of castor oil per Pennsylvania; that Kirkman & Luke endorsed the bill for the accommodation of the plaintiff, who sold it to the defendants on the 16th of April, and that they were then the holders thereof. They further alleged that before the date of the check described in the petition (December 17, 1856) the plaintiff received of Oglesby & Macauley all the proceeds of the castor oil, amounting to more than $925, and before the commencement of the suit (February 18, 1857) received of Oglesby & Macauley all money and the proceeds of all property which they ever had received for him or on his account. Wherefore they claimed that the plaintiff was indebted to them $925 for money had and received, being the proceeds of said castor oil.

The plaintiff demurred to the counter claim for the reasons that it did not appear that the bill had ever been presented for acceptance or payment, or that the drawees had ever refused to pay it, or that notice had been given of its dishonor, or that the plaintiff withdrew the proceeds of the oil before the maturity of the bill; also because no excuse was shown why the bill had not been presented, either for the reason that the plaintiff had no right to expect it would be paid when he drew it, or that he had no funds in the hands of the drawees during the currency of the bill, and finally for the reason that the defendants did not show that they were entitled to the proceeds of the oil. The demurrer was sustained and judgment given for the plaintiff.

The engagement of the drawer of a bill is only conditional, that he will pay if the drawee be requested at the maturity of the bill to pay and refuses to do so and due notice of its dishonor be given; and generally he will be discharged from all liability unless the bill is properly presented on the day it ought to be. The holder, however, will be excused from making any presentment, if it is shown that the drawer had no right to draw, or had no funds in the hands of the drawee or expectation of funds, or there was no obligation of the drawee to accept, or the drawer having funds in his hands of the drawee during the currency of the bill had withdrawn the same before the bill matured. But until the contrary is shown, it will be presumed that the drawer had effects in the hands of the drawee, and had a right to draw upon him for the amount. (Chitty on Bills, 435.) And, even though the drawer had no funds or property in the hands of the drawee, he is entitled to have the bill duly presented and to receive due notice of its dishonor, if there was a fluctuating balance between them in the course of their dealings, or he had a reasonable expectation when he drew the bill that it would be paid, or if the drawee was under a promise to accept or had been in the habit of accepting without regard to the state of their accounts. (Dickens v. Beal, 10 Pet. 572.)  If proper presentment is not made, or if made and the bill is dishonored and proper notice is not given, it is a presumption of law that the drawer has been damaged, and Chitty says that " almost the only allowed proof of the negative is that of the entire want of effects in the hands of the drawee continually, from the time of drawing the bill until and after the day it fell due, and this under such circumstances as to establish that the drawer had no right to expect the drawee or any other person to accept or pay." No case has been found in the books which decides that the holder of a bill is excused for having failed to present it at the proper time, because the drawer withdrew his funds after the time that the bill ought to have been presented.

These principles are well established ; and though instances occur every day, in which parties are allowed to take advantage of an omission by a person who would charge them when it is obvious that no injury has been sustained by reason of the omission, it would be unwise and would shake the stability of the law to multiply exceptions in order to save hard cases. If the plaintiff had withdrawn the proceeds of the oil before the bill matured, the defendants could easily have said so, but the form of the averment implies an admission that the funds were not taken away until after the bill became due. The answer says that before the drawing of the check, which was in December, the money was withdrawn, but the bill was due long before in June, and nothing is stated to repel the inference that the bill would have been paid if it had been presented.

The direction at the foot of the bill to charge to a particular account gave the defendants no interest in the oil ; (Kimball v. Donald, 20 Mo. 577 ;) but their only right was to the bill. And whenever it is incumbent on the holder of a bill to present it at the proper time and he neglects to do so, he will lose not only his remedy upon the bill, but also upon the consideration or debt in respect of which it was given or transferred. (Chitty on Bills, 354 ; Story, Prom. Notes, § 203.)

Judge Scott concurring, the judgment will be affirmed.