THOMAS M. WINSTON, v. WILLIAM S. MOSELEY, Auditor of Public Accounts.

*Mandamus.*—The right to an office cannot be determined upon an application for a *mandamus* to the Auditor of Public Accounts to issue a warrant to the relator for the salary, while another person holds the commission. (State *ex rel.* Jackson, Auditor, &c., 34 Mo. 575.)

*Petition for Mandamus.*

*E. B. Ewing*, for petitioner.

*Glover & Shepley*, and *Broadhead & Sharp*, for respondent.

BATES, Judge, delivered the opinion of the court.

This is a petition for a mandamus. Winston was, prior to December, 1863, Commissioner of the permanent seat of Government. In December, 1863, the General Assembly elected another person commissioner, who received a commission as such. Winston claims that he is still lawfully in office, and presented to the auditor an account for a quarter's salary, which the auditor refused to allow. Winston asks of this court a writ of mandamus, commanding the auditor to audit and allow the account.

The application for a mandamus is refused. It is no part of the duty of the auditor to determine the right to the office. It is sufficient to justify him in refusing to audit the account of Winston, that another person is in fact the officer holding the commission. The right to the office cannot be

determined as a collateral matter in this proceeding. The law provides a direct proceeding for such cases.

Judges Bay and Dryden concur.·