MOODY, MICHEL & Co., Respondents, *v.* J. W. D. L. F. MACK, Appellant.

1. *Bank Check — Presentment — Due diligence.*— When the holder of a bank check is prevented, by a state of things beyond his control, from presenting the check, or sending it to be presented, for payment, a delay is excusable. But where a delay of some three months is had, a reason for it must be shown. This requirement of due diligence of the holder will not be evaded by showing that the drawer had no funds in the hands of the drawee, unless it be made to appear that this want of funds was the result of some fraudulent act of the drawer or indorser. If the maker or indorser has been guilty of some fraudulent act concerning the check, as if he has had no funds in the hands of his supposed depositary, and has made no provision to meet his check, or has fraudulently withdrawn his funds before the presentation of his check, he cannot avail himself of the laches of the payee or holder as a defense against the check.

*Appeal from Third District Court.*

*H. J. Lindenbower,* and *T. A. Sherwood,* for appellant.

I. The petition is insufficient; it makes no demand for relief. (Gen. Stat. 1865, p. 658, § 3.)

II. It is necessary to prove notice in order to fix the indorser. There was no waiver of notice here.

III. The fact of the bill having been stolen being established by the testimony, the *onus* was on the plaintiffs to show what consideration they gave for it, and that they took it in good faith in the ordinary course of business. (Devlin v. Clark, 31 Mo. 22; Goodfellow v. Landis, 36 Mo. 168; 2 Greenl. Ev. § 172; Munroe v. Cooper, 5 Pick. 412; Heath v. Sansom, 2 Barn. & Ad. 78; Sm. Merc. L. 292; Snow v. Saddler, 3 Bing. 610.)

*Baker & Hardin*, for respondents.

The innocent purchaser of negotiable paper is the owner, though he may have purchased the same of a party having no title to it—such as a thief or robber—where such bill is payable to bearer or is indorsed in blank. (2. Pars. Notes and Bills, 259, note, 266–8, 274–7.)

BLISS, Judge, delivered the opinion of the court.

Defendant was sued in the Greene County Court of Common Pleas, and venue changed to Circuit Court, upon a check dated April 17, 1863, drawn on the State Bank at St. Louis, by the State Treasurer, for $87.50, to the order of defendant, and indorsed by him. The petition avers the indorsement of the check or bill to plaintiffs, its non-acceptance, and notice to defendant; also that defendant, after indorsing the bill, procured a duplicate bill, indorsed it to Gorton, Abbott & Co., who drew the money before the presentation of the bill sued on.

Defendant ignores the presentation of the check and notice; avers that there was no actual notice; alleges that the check was indorsed by him to Gorton, Abbott & Co., and delivered to them; that they inclosed it in a letter to St. Louis, and it was stolen from the mails; that plaintiff did not negotiate the draft in the usual course of trade and for a valuable consideration; and that McElhany, Jaggard & Co., and not the plaintiffs, are the real owners of the paper.

The evidence shows that defendant obtained the check from the State Treasurer, indorsed it in blank, delivered it to Gorton, Abbott & Co., of Springfield; and in two or three weeks after, hearing that the mail had been robbed, he sent for a duplicate and indorsed it to the same firm. There is no evidence whatever that the first check was in the mails, or that the mail was robbed. The defendant seems to have acted on an assumption of facts which, if proved, would play an important part in the case and involve the disputed and not wholly settled question of the rights of the purchaser of a lost or stolen check or bill. In the absence of such proof we must treat the case as alone involving the question

that would arise had Gorton, Abbott & Co. voluntarily parted with the paper. The check was purchased by McElhany, Jaggard & Co.; sent to the plaintiffs for collection; presented by them July 13, 1863, and payment refused; was duly protested, though notice of protest was not given to the defendant. The case was tried by jury, and verdict and judgment given for plaintiffs, which was affirmed by the District Court.

The first and controlling question that presents itself is whether due diligence was used by the indorsees of defendant in the presentation of the check for payment. What amounts to due diligence in all cases cannot be exactly defined. It must depend upon circumstances. If the holder was prevented, by a state of things beyond his control, from presenting the check, or from sending it to be presented, a delay is excusable. But where a delay of some three months is had, a reason for it should be shown. All the parties to the check lived in the same State; persons were passing daily or weekly between the points where they resided; and no excuse whatever is shown by the evidence why it was not at once sent to St. Louis and demand made upon the drawee. The plaintiffs seek to evade the consequence of their laches by showing that the defendant had no fund in the hands of the drawee, or rather that he had obtained a duplicate check and drawn the money.

Courts will not permit parties to bills to work a fraud upon the holder when it can be prevented. If a check is made upon a supposed depositary, and the drawer had no funds and made no provision to meet the check, or had drawn them out, he will not be permitted to take advantage of want of diligence in its presentation. To do it would enable him to work a fraud, to pocket his original money and the consideration of the check. (Linville v. Welch, 29 Mo. 203; Adams v. Darby, 28 Mo. 162; Morrison v. McCartney, 30 Mo. 183.) The same equitable rule might be applied to an indorser. If, having obtained a draft or check, he should sell it for value, and, before its presentation, should obtain a duplicate and sell that for an additional sum, or draw the money, he should surely be chargeable, although there was a want of diligence in the presentation of the bill by the first

indorsee. But a fraudulent transaction of that kind will not be presumed; and there is nothing in the evidence to raise even a suspicion against the indorser. In two or three weeks after he indorsed the check, he heard it had been stolen; and, acting upon that supposition, he procured the duplicate, indorsed it to the same firm to which he had transferred the original, and it does not appear that he received any new consideration. Had the first check been presented in time, the money would have been drawn upon it. Why it was kept so long the evidence does not show, though the pleadings and some of the instructions asked are drawn upon the supposition that it had been stolen and lay in the hands of the thief. But though that fact is not proved, it is shown that the defendant acted upon the supposition, and acted in good faith in the matter. If he pays this check, it will be a dead loss to him, without his fault; and he should not be required to do so unless the rules of law demand it.

We can see nothing in the conduct of defendant that excused the want of diligence on the part of the holder in the presentation of the check. The same principle applies to the notice to the defendant. He had no notice whatever of the presentation of the check, or of its dishonor. The two questions go together. If the acts of defendant excuse presentation, they excuse notice. It is said that McElhany, Jaggard & Co., in whose interest the plaintiffs seem to be acting, are innocent holders, and that their rights should be protected. An innocent holder is a diligent holder. It does not appear what they paid for the check, nor do they give any excuse for not presenting it for payment. It may be that they did present it as soon as it came into their hands. If so, they took, with their eyes open, an old check, already dead so far as the indorser is concerned, and acquired no greater rights than held by the person of whom they obtained it.

Under this view of the law it becomes unnecessary to consider in detail the various instructions given and refused in the case. The judgment of the District Court is reversed. The other judges concur.