JOHN B. DICKERSON, Appellant, v. THE CITY OF BUTLER, Respondent.

### Kansas City Court of Appeals, June 6, 1887.

DE FACTO OFFICER — RECOVERY OF FEES — RULE IN THIS STATE— CASE ADJUDGED.—It is the settled law of this state that in an action for *fees* the *title* to the office cannot be decided, and that a *de facto* officer, while in possession of the office, can recover the fees of the office. But the rule is founded upon the *prima facie* title of the officer *de facto*, and in cases where such *prima facie* title *does not exist*, the rule cannot apply, and upon the agreed facts *in this case* the plaintiff was not, *at that time*, the officer *de facto*, and, therefore, not entitled to recover the fees in controversy.

APPEAL from Bates Circuit Court, HON. JAMES B. GANTT, Judge.

*Affirmed.*

The case is stated in the opinion.

Thos. J. Smith, for the appellant.

I.   The itemized account in favor of appellant, and against respondent, and which is the foundation of this action, is in words and figures, as follows:

Butler, Mo., Oct. 8, 1885.

City of Butler, To J. B. Dickerson, Dr.

| 1885. | | | |
|---|---|---|---|
| July. | To one month's salary as marshal, July, 1885 | $ 50 | 00 |
| Aug. | To serving twenty-one notices | 3 | 30 |
| | Having two dead hogs and cat hauled off | 1 | 00 |
| | Four meals for Frank Wheaton | | 68 |
| | One meal for Wash Morgan | | 15 |
| | One tin bucket for calaboose | | 25 |
| | Twenty meals for Barney Cooper | 3 | 30 |
| Aug. | One meal for Charley Munder | | 15 |
| | One month's salary as city marshal, Aug. 1885 | 50 | 00 |
| 18 | Nails to repair calaboose fence | | 10 |
| | | $111 | 93 |
| Sept. | One month's salary as city marshal, Sept. 1885 | 50 | 00 |
| 18 | Boarding John Crouch, nine meals | 1 | 50 |
| 30 | Boarding Frank Wheaton, five meals | | 85 |
| | Total | $164 | 28 |
| Oct. | To two months' services as city marshal, Oct. and Nov. 1885 | $100 | 00 |
| Oct. 7 | Having dead hog hauled off | | 35 |
| Oct. 24 | Serving three sidewalk notices | | 90 |
| Nov. 11 | Hauling off one dead hog | | 30 |
| | Three days' services in Dec. 1885, to 4th | 5 | 00 |
| | | $106 | 55 |
| | Brought forward | 164 | 28 |
| | Total amount of account | $270 | 83 |

II. In answer to the position of respondent's attorneys that the appellant had no certificate of election, because, as claimed, the county clerk had no authority to certify the result of a city election, it is thought to be only necessary to say the respondent accepted and acted upon the certificate, and ought not now to be heard to say it was not sufficient. Again, can the court say that this was not the manner of making returns of elections, which respondent had prescribed by ordinance, under section 4933, Revised Statutes. The certificate is from the same officer as the one under which J. H. Morgan, in whose interest it would appear this action is being defended, was permitted by respondent to qualify. The contention of respondent that appellant had never taken the oath of office, even if that were necessary, which it is contended is not (laws of that character being held to be directory only), is sufficiently answered by comparing section 3326, Revised Statutes, prescribing who may administer oaths, with Bouvier's definition of "Judge," which word is there defined to be, "A public officer, lawfully appointed to decide litigated questions according to law." In this connection, the appellant begs to refer also to sections 4982 and 4987, Revised Statutes. It will be seen from section 3326, *supra*, that the mayor, if authorized to administer oaths in his own court, that he is also authorized "to administer oaths and take affidavits  *  *  * in all cases where oaths and affirmations are required, by law, to be taken." The contention that appellant had no commission is answered by examination of extract from city record made by respondent, of date April 16, 1885.

III. The only Missouri case, it is believed, which respondent's counsel rely on in support of the proposition that the title to an office may be litigated in an action by the claimant thereof for fees, is *Hunter v. Chandler* (45 Mo. 452). Appellant respectfully submits this case is an authority against respondent's contention. In this opinion, Judge Wagner says: "I am aware that

there are respectable authorities holding that title to an office may be determined in a suit for fees. The old English cases strongly sustain this view, but I think the better doctrine and reason is to the contrary." If the mass of authorities cited by respondent's counsel, and the "volumes written in vain" referred to by them, sustain the doctrine contended for by them, they are not in harmony with the decisions in this state, an unbroken chain of which is believed to be to the contrary.

W. G. ROSE, JOHN T. SMITH, GANTT & CASEY, for the respondent.

I. Appellant cannot recover in this cause; his petition states no cause of action, and his judgment must have been arrested, had he obtained judgment below. Having alleged he was a "*de facto*" marshal only, he cannot maintain action for salary or fees. *Riddle v. Bedford County*, 7 Serg. & Rawle, 386; *Keyser v. McKisson*, 2 Rawle, 139; *Bowler v. Beebe*, 9 Mass. 231; *People v. Hopson*, 1 Denio, 574–579; *People v. Van Nostrand*, 46 N. Y. 382; *People v. Tieman*, 30 Barb. 191; *Hunter v. Chandler*, 45 Mo. 456; *Comstock v. Grand Rapids, etc.*, 40 Mich. 397; *Nichols v. McLean*, 101 N. Y. 526; *People ex rel. v. Noland*, 101 N. Y. 547; Cent. Rep. 462, 500; 5 N. E. Rep. 347, 446; *Green v. Burke*, 23 Wendell, 490; Cro. Elz. 699; *McCue v. Wapello County*, 56 Iowa, 698; *Dolan v. Mayor, etc.*, 68 N. Y. 279.

II. The certificate of the county clerk was and is a nullity, and conferred no authority on the mayor and aldermen to recognize appellant as marshal. The clerk could only grant certificates to the officers named in section 5480, being those elected at the general November elections. Sects. 5505 and 5506. Such a certificate does not "*prima facie*" show any title to the office.

III. The oath said to have been administered to J. B. Dickerson, by the mayor, was also without authority of law, and nugatory. No authority is conferred on

mayors of cities of the fourth class to administer oaths, or affirmations, either by the general statutes, section 3326, or by charter of such cities. Holding an inferior statutory office, his power is strictly construed, and will not be extended by implication or construction, especially where not necessary to the performance of his duty.

IV. Appellant having *no commission, no certificate of election* from the clerk of the city, *no canvass of the votes* for marshal having been made, *no oath of office* having been taken by him, before any *officer authorized to take the same*, was not an officer " *de jure*," was not even " *prima facie*" such. Const. of Mo. art. 14, sect. 6 ; Rev. Stat., sects. 4959, 4970 ; *People ex rel. v. McKinney*, 52 N. Y. 374.

V. The plaintiff's petition was filed October 14, 1885. The account was not due till December 4, 1885, and his action is prematurely brought. *It was a running account.* Plaintiff must recover, *if at all, on an account due and unpaid. This is elementary*, and respect for the court forbids citation of authority.

HALL, J.—There are serious, if not fatal, objections made by the defendant to this controversy being considered by us as having been submitted as an agreed case, under section 3700, Revised Statutes. But, under the view of the law applicable to this controversy had by us, we do not deem it necessary to pass upon such objections, and we yield, therefore, to the plaintiff's contention, and shall consider this controversy as having been submitted to the circuit court, as an agreed case, under the statute, on December 22, 1885.

From July to December 4, 1885, the plaintiff was acting, under color of right, as marshal of the defendant city, during which time one Morgan claimed to be the rightful marshal of said city, by virtue of an election then recently held for said office, under color of which election the plaintiff was acting as marshal. In a proper proceeding of *mandamus*, at the relation of said Morgan,

two of the judges and one of the clerks of said election, for the first ward of said city, were directed and commanded to respectively sign and attest the poll-books, theretofore sent to and then in the office of the clerk of the county court of Bates county, and also to make a certificate, showing all of the votes cast at said election, and for whom they were cast, and for what office, and containing the number of votes given each candidate, and that all this be done on or before December 2, 1885.

On December 4, 1885, Morgan took possession of the office of marshal, and has ever since been acting as such officer. No proceeding has ever been instituted to try the title to said office. In this agreed case, on December 22, 1885, was submitted the question of right of plaintiff, as the *de facto* marshal during the time mentioned under the facts stated, to the fees and salary of said office earned during said time, *i. e.*, from July 1 to December 4, 1885. The circuit court held against the plaintiff's right, and he has appealed to this court.

The rule contended for by defendant, that an officer *de facto* can not, unless he is also the officer *de jure*, on the ground that he is the officer *de facto*, recover the fees of the office, or set up any right of property, is affirmed by the many authorities cited in the brief filed by counsel for defendant. The reason of the rule, and the ground for the distinction between that rule and the other rule, which gives validity to the acts of a *de facto* officer, so far as they concern the public and the rights of third persons, are clearly set forth in those authorities.

Whatever may be our opinion as to the soundness of the rule invoked by the defendant, we cannot recognize it. We are governed by the decisions of our Supreme Court. A rule, contrary to the rule contended for by the defendant, has long been established by our Supreme Court. It must be considered as the settled law of this state that, in an action for fees, the title to the office cannot be decided, and that a *de facto*

officer, while in possession of the office, can recover the fees of the office. *State ex rel. v. John*, 81 Mo. 13 ; *State ex rel. v. Draper*, 48 Mo. 213 ; *State ex rel. v. Clark*, 52 Mo. 508. In *Hunter v. Chandler* ( 45 Mo. 457 ), cited by defendant's counsel, it was said : "I am aware that there are very respectable authorities holding that the title to an office may be determined in a suit for fees. The old English cases strongly sustain this view, but I think that the better doctrine and reason is to the contrary."

The rule in this state is, of course, founded upon the *prima facie* title of the officer *de facto*. In any case, therefore, where such *prima facie* title does not exist, the rule cannot apply. It does not affirmatively appear, from the agreed case, that the plaintiff, after the judgment in the *mandamus* proceeding, abandoned and surrendered the office of marshal to the claimant, Morgan ; but still we think that the fact that plaintiff did so is fairly inferable. At any rate, it does clearly appear that Morgan, with or without plaintiff's consent, by reason of such judgment, entered into the office and was discharging the duties of the office, at the time of the submission of the agreed case. At that time, therefore, Morgan was the marshal *de facto*, with *prima facie* title to said office. As two persons cannot, at the same time, have the *de facto* title to the same office, neither can they have the *prima facie* title at the same time to the same office. There cannot be two officers *de facto* at the same time. As at the time of the submission of the agreed case, Morgan was the officer *de facto*, the plaintiff was not then the officer *de facto*. The plaintiff's former *prima facie* title to the office had been destroyed by the subsequent *prima facie* title of Morgan.

Hence, as the plaintiff's claim was entirely based upon such former *prima facie* title to the office, the court properly denied said claim.

Judgment affirmed. All concur.