## GOETZ v. GOLDBAUM.

### No. 19,331; September 1, 1894.

#### 37 Pac. 646.

**Agency—Pleading.—A Complaint on a Contract Executed by an agent** may, without more, aver its execution by defendant, the principal; and, the agency appearing from the copy of the note set out, authority to execute it is implied, and need not be expressly alleged.[1]

**Agency — Ratification.—Ratification Need not be Expressly** pleaded.

**Agency—Estoppel.—W., a Merchant, and Partner** with plaintiff in a livery, failed, and transferred his property to his brother S., through whom he settled with most of his creditors, as he swore, with his own money. Business was done in S.'s name, but W. borrowed money from plaintiff for the business, bought out his interest in the stable, and gave him a note for the whole, signed, "S., per W." Plaintiff asked S. about the note, and S. said he would go and see about it, and went and talked to W., but said nothing to plaintiff. Later he proposed to plaintiff to go into partnership with him and W., putting in the note as capital; and then he took over the business and property from W., paying him some cash, and assuming the debts, among which, at the time, he mentioned this. Held, that he was estopped to say that W. did not sign the note as his agent, and that he had not ratified it.

**Statute of Frauds — Oral Ratification.—A Promissory Note,** such as, under Civil Code, section 2309, must be in writing, is a commercial note, not a mere non-negotiable promise to pay, and the latter may be ratified orally.

APPEAL from Superior Court, San Diego County; George Puterbaugh, Judge.

Action by J. E. Goetz against Simon Goldbaum on a promissory note. Judgment for plaintiff. Defendant appeals. Affirmed.

Aitken & Smith for appellant; Daney & Wright for respondent.

---

[1] Cited as authority for saying that "ratification may be proved under a plea of due execution," in Blood v. La Serena Land & Water Co., 113 Cal. 228, 236, 41 Pac. 1019, 45 Pac. 254, though the court proceeded to say that the evidence in the case before it fell short of making the proof, tending more strongly to establish an estoppel.

TEMPLE, C.—Defendant appeals from the judgment and an order refusing a new trial. The action is based upon a non-negotiable promissory note, and in the complaint it is alleged that on the fifth day of October, 1891, defendant executed and delivered a promissory note in writing, in the words and figures following. The note is then set out at length, and is signed, "Simon Goldbaum, per Wm. G." There is no averment showing who Wm. G. was or that he had authority to execute the note as the agent of defendant. The complaint was demurred to for insufficiency of facts, and as ambiguous, in that it appears that the note was executed by some person other than defendant, but does not show who such person was or that he had authority to execute the note as agent. The same objection is also made on the ground of uncertainty. It is now contended that the complaint should set out the facts, and not conclusions, and that, if the fact be that the note was made through an agent, it should be so averred. St. John v. Griffith, 1 Abb. Pr. (N. Y.) 39, is quoted, in which it is said: "The code requires facts to be stated, not fiction; the facts of the case, and not the mere legal conclusion. Such a statement as that adopted by the plaintiff is not only admissible, but necessary." In that case it was averred that the act was done by the agent. That decision was by a subordinate court, and is not in accordance with better considered cases. The plaintiff is required to state the facts which constitute his cause of action. The constitutive fact here is plainly that defendant executed the note. Whether by an agent or in person is immaterial. If by an agent, such fact is not one which constitutes his cause of action.

But it is argued, inasmuch as it appears that the note was executed through an agent, the authority should appear. This point is answered by the case of Sherman v. Comstock, 2 McLean, 19, Fed. Cas. No. 12,764. In the declaration in that case it was averred that defendant made his note or check in the words and figures following:

"Detroit, December 14, 1838.

"Cashier of the Michigan State Bank:

"Pay to Morgan and Clark, or bearer, $674.96 thirty days from date.

"[Signed]   HORACE H. COMSTOCK.
             "By JOEL CLEMENS."

There was no further allegation as to agency. The declaration was demurred to on the ground that it did not appear that Clemens was authorized to act as agent for defendant. The court said: "As it regards the execution of the note by the defendant, it is sufficiently averred in the declaration. He signed it by Joel Clemens; and that Clemens was authorized to act in the premises appears, for that his act is alleged to be the act of his principal. The declaration might have contained an averment that Clemens was duly authorized to act as the attorney in fact of the defendant, but such averment is unnecessary."

Appellant next complains of the findings. He says that it is nowhere found that defendant executed the note; that, on the other hand, it is found that the note was executed by William Goldbaum, without authority to act as the agent of Simon; and that, in another finding, it is found that William Goldbaum did have implied authority to execute the note as the agent of Simon. In the first finding, it is found that William Goldbaum executed the note which is set out in the finding, pretending to act as the agent of Simon. The use of the word "pretending" is unfortunate, but the context plainly shows that the idea intended to be conveyed is that, in executing the note, William claimed to be acting as the agent of Simon. The court then proceeds to state that William had no express authority; sets out facts from which it draws the conclusion that the act was ratified and adopted by Simon as his act. The court did not find in direct terms that the defendant executed the note, but it found that it was executed by William, claiming to act as the agent of Simon, and that Simon ratified the act; in other words, adopted the instrument as his own. Ratification is in law the equivalent of a previous command. It is proof of due execution. This suggestion is also a sufficient answer to the objection that ratification should be pleaded. It is true the general rule is that estoppel should be pleaded when under the practice there had been an opportunity to plead it; but ratification is not estoppel, although there is often an element of estoppel in it. But the point is also made that the evidence does not justify the finding that there had been a ratification. It appears that prior to October, 1890, William Goldbaum had been carrying on a mercantile business at Oceanside, and had also been engaged in the livery busi-

ness in partnership with plaintiff. In October, 1890, he failed, and was forced to transfer his property to his brother Simon, the defendant. He made a settlement with most of his creditors, and his brother Simon took a transfer of all the property, including William's interest in the stable, and paid or appeared to pay such debts of William as were then paid. I state the matter in this form because William testified that the money advanced by Simon really belonged to him (William). It was then arranged between William and Simon that William should continue the business in the name of Simon. Goods were to be purchased in the name of Simon, and all transactions were to be in his name. This was necessary, because William had not been able to settle with all of his creditors. The business was carried on in pursuance of this agreement for about one year before the note was given. During that time plaintiff had loaned to William $300 to be used in his business. He then arranged to sell his half of the livery-stable to William. The arrangement was made, and the note in question was given, for the $300 which had been previously loaned, and for plaintiff's interest in the stable. Of course, plaintiff knew that the business was being carried on in the name of Simon Goldbaum, and, when he took the note, he asked William if he had authority from Simon to act for him, and was told by William that he had. Plaintiff testified that he knew the business was being conducted by William in the name of Simon, because William told him so. Some two weeks after getting the note, plaintiff went to San Luis Rey to ask Simon Goldbaum about the note. He showed Simon the note, and asked if it was all right. Mr. Goldbaum said: "I don't know what they are doing in town. I will go in this afternoon and see." Plaintiff replied, "Monday will do." Monday, Simon Goldbaum went to the store and had a private talk with William. Plaintiff was there, but Simon said nothing to him about the note. The testimony of William Goldbaum shows that at that time Simon had a full explanation in regard to the note. Simon Goldbaum said nothing more about the note to plaintiff until November, 1892, when he proposed to plaintiff to go into partnership with himself and William, and said he could put the note in as a part of his capital. In January, 1893, a difference arose between William and Simon Goldbaum. The latter claimed the goods

in the possession of William, and which constituted the stock in trade with which William was doing business in the name of Simon Goldbaum. The controversy was settled, Simon Goldbaum taking the business and property, and paying William some $1,700, besides assuming the indebtedness. While negotiations were progressing, a list of debts was produced, which did not contain the debt to plaintiff. Defendant called attention to the fact, and said: ''The indebtedness must be more. It is best that we foot up the indebtedness, and make a settlement on that basis.'' And again: ''There is that Goetz note, too. Don't forget to put that in—six hundred dollars. . . . . I will have to pay that.'' For various reasons, appellant contends that this does not amount to ratification:

1. Because, he says, William did not, in the purchase of the interest of plaintiff in the livery-stable, claim to act as agent, but in his own right. An act not done as agent cannot be ratified. The evidence shows very plainly that the parties to the transaction each understood that William Goldbaum, in making the trade, professed to be acting as the agent of his brother. The note is itself some evidence of that fact; and then plaintiff asked if he had authority to sign the note. Plaintiff knew that William Goldbaum was conducting business in his brother's name, but testified that he knew no more of it than others. Of course, he knew that the interest in the stable which had formerly belonged to William had been conveyed to Simon. The real question is, inasmuch as William really owned the business, although it was conducted in the name of his brother, is not the obligation his, although in the name of his brother? If Jones were to buy out Smith & Co., and were to continue the business on his own account, but in the name of Smith & Co., as to those who knew the facts Smith & Co. would be but an alias of Jones. It does not appear that plaintiff knew that all the property belonged to William, and it does appear that Simon Goldbaum claimed that it belonged to him. The reason why the business stood in the name of Simon was to avoid the creditors of William. It was a hiding of the goods, or they really belonged to Simon, with the understanding that William should somehow get the benefit of the business. Under the circumstances, I think Simon Goldbaum cannot be heard to say that William was not conducting the business as his agent, even as to those who did know the facts.

48

2. It is contended that the act of William in executing the note could only be ratified by a writing, because it is said a promissory note must be in writing: Civ. Code, sec. 2309. But waiving the point that the instrument set out in the complaint is conceded not to be a "promissory note," within the meaning of the code, the contract is not one required by law to be in writing. Only when in writing, it is recognized by commercial law as a promissory note; but the contract is simply an agreement to pay money, which need not be in writing.

3. The facts do not show ratification. I think the facts are quite sufficient, and, furthermore, that, when Simon took the business subject to the payment of the debts, he was under obligation to pay the note. It was not required to be in the memorandum, because Simon Goldbaum recognized his liability on the note, and in effect so said at the time. There is evidence contradicting the testimony to which I have alluded. As the case is presented here, that is of no consequence.

Several objections were made to the introduction of evidence. After examination, I am satisfied that none of them were well taken. A discussion of them would serve no useful purpose. I recommend that the judgment and order be affirmed.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.