DANIEL MYERS, Respondent, v. THE COMMERCIAL BANK
OF LAREDO, MISSOURI, Appellant.

Kansas City Court of Appeals, November 1, 1897.

Pleading: BILLS AND NOTES: PRESENTMENT AND DEMAND. A petition
against the maker of a bank draft should allege that the draft had
been presented to the drawee and payment refused, otherwise it is
fatally defective.

*Appeal from the Grundy Circuit Court.*— HON. P. C.
STEPP, Judge.

REVERSED.

*Harber & Knight* for appellant.

Until the draft sued upon had been presented to
the bank on which it was drawn by the holder, and
payment refused, and notice of dishonor given to the
drawer, the holder has no action against the drawer.
3 Am. and Eng. Ency. of Law, p. 212, note 1; *Purcell
v. Allemong,* 22 Gratt. (Va.) 739; *Pollard v. Bowen,* 57
Ind. 232; *Judd v. Smith,* 3 Hun. (N. Y.) 190; *Case v.
Morris,* 31 Pa. St. 100; *Fugitt v. Nixon,* 44 Mo. 295;
*Salisbury v. Renick,* 44 Mo. 554; *Kimball v. Donald,* 20
Mo. 581; *Clements v. Yeates,* 69 Mo. 623.

*E. B. Fields* for respondent.

The point pressed before the lower court was, and
the only point which seems to be urged here is, that
no demand of payment was ever made of the National
Bank of Commerce of Kansas City. The petition
states, and by the demurrer it stands admitted, that
defendant issued its draft to a mythical person, to a

man that did not exist—then how could this mythical being present the draft to the National Bank of Commerce of Kansas City? It is the well settled law that the maker of a draft may dispense with presentment and demand. 3 Am. and Eng. Ency. of Law, p. 212, note 2. Banks are supposed to know their own customers and when they issue a draft recklessly to a fictitious person, to a nonentity, a nonexisting somebody, incapable of making demand, then they have certainly dispensed with presentment, demand and notice. The failure to present the draft to the Kansas City Bank, if true, would be a matter of defense. *Marbourg v. Brinkman*, 23 Mo. App. 511.

SMITH, P. J.—This is an action on a bank draft. The petition alleges that W. P. Taylor "forged a check purporting to be signed by plaintiff and drawn on the Browning Savings Bank for $424" in favor of Henry S. Johnson; that said Taylor, representing himself to be said Johnson, sent said forged check to the defendant for collection, and that the defendant presented it to the said Browning Savings Bank for collection, and that the latter bank, believing it to be genuine, paid it to defendant; that afterward the said Taylor, representing himself to be said Johnson, requested the defendant to issue to him a draft for the amount so collected on said check which defendant accordingly did. It is further alleged that no such person as the said Johnson ever existed and that the said Taylor falsely represented himself to be said Johnson. It is also further alleged that the "said Taylor delivered said draft to this plaintiff and that he is now the legal holder thereof; that he has presented the same to defendant bank for payment and payment was by said bank refused." Wherefore plaintiff asks judgment, etc.

PETITION.

The defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action, and further that it was not therein alleged that said draft had ever been presented to the drawee bank for payment and payment refused. This was overruled. The defendant declined to plead further and elected to abide its demurrer. Whereupon judgment was given for plaintiff and defendant appealed.

The bank draft sued on is a bill of exchange. The same rules which are established in relation to checks as to presentment and notice are applicable to bills of exchange. It is well settled that demand and refusal before suit is brought is an essential preliminary to an action against the drawer. And hence the holder of a bill of exchange has no recourse upon the drawer until there is presentment and refusal. *Adams v. Darby*, 28 Mo. 162; *Purcell v. Allemong*, 22 Gratt. 739; *Murray v. Judd*, 6 Cow. 484; *Judd v. Smith*, 3 Hun. 190; *Harker v. Anderson*, 21 Wend. 372; *Sherman v. Comstock*, 2 McLean, 19; *Pollard v. Brown*, 57 Ind. 232; Tiedeman, Com. Paper, sec. 210.

PLEADING: bills and notes: presentment and demand.

As the presentment and demand was a condition precedent to fix the liability of the defendant drawer, and as there was alleged neither performance nor excuse for nonperformance of this condition—Daniels, Neg. Inst., sec. 1170—it results that no cause of action was stated in the petition.

The demurrer should have been sustained. The judgment will be reversed. All concur.