STATE ex rel. WILLIAM FRANK, Appellant, v. GRANDISON A. GOBEN, Respondent.

Kansas City Court of Appeals, November 27, 1912.

MANDAMUS: Title to Office: Salary. In a mandamus proceeding to compel the mayor of a city to sign a warrant for the salary of the duly elected and acting city attorney, the relator's title to the office cannot be inquired into. The one who has the better *prima facie* right must be recognized until, by contesting the election, or by proceeding in *quo warranto*, the rights of the parties are finally determined.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED *(with directions.)*

*Smoot & Cooley, Weatherly & Frank, Campbell & Ellison* and *Higbee & Mills* for appellant.

(1) After respondent admits that relator was elected to the office of city attorney, received his certificate of election, took the oath of office, and entered upon the duties of the office, and at all times since has performed the duties of the office, the title of relator to said office cannot be challenged and respondent will not be heard to say that relator is not now and never has been qualified as city attorney. State ex rel. Tolerton v. Gordon, 236 Mo. l. c., 159. (2) Title to relator's office cannot be tried in a mandamus proceeding to enforce the payment of his salary. State ex rel. Jackson v. Mosely, 34 Mo. l. c., 375; State ex rel. Jackson v. Thompson, 36 Mo. l. c., 70; Winston v. Mosely, 35 Mo. l. c., 146; Hunter v. Chandler, 45 Mo. l. c., 457; State ex rel. Vail v. Draper, 48 Mo. l. c., 213; State ex rel. Clark v. Vail, 52 Mo. l. c., 513; State ex rel. Simmons v. John, 81 Mo. l. c., 13; Dickerson v. City of Butler, 27 Mo. App. l. c., 9; State ex rel. Tolerton v. Gordon, 236 Mo. l. c., 159. (3) Title to an office is derived from election or appointment and not from a commission. Commission is only evidence of title. State ex rel. Bland v. Rodman, 43 Mo. l. c., foot 260; Hunter v. Chandler, 45 Mo. l. c., 457. (4) The legislative and discretionary powers of the mayor and council ended with the passage and approval of the ordinance appropriating money with which to pay relation salary. The signing of the warrant thereafter by the mayor is purely ministerial and can be enforced by mandamus. State ex rel. Barricelli et al. v. Noonan, 59 Mo. App. l. c., 526-527; State ex rel. Schade v. Russell, 131 Mo. App. l. c., 653-654. (5) The duties imposed upon the mayor of a city of the third class by a charter provision, to-wit:—section 9150, Revised Statutes of Missouri 1909, that he shall sign all drafts drawn on the treasury for money and cause the city

clerk to attest the same and to affix thereto the seal of the city, is not discretionary, but purely ministerial and obligatory, for failure to perform which mandamus is the proper remedy. Revised Statutes of Missouri 1909, sec. 9150; Dreyfus v. Lonergan, 73 Mo. App. 336. (6) The duties of the office of city attorney and assistant prosecuting attorney of the county are not incompatible. State ex rel. Walker v. Bus, 135 Mo. l. c., 325. (7) A de facto officer in possession of an office is entitled to the emoluments of the office. Mickerson v. Butler, 27 Mo. App. 9; State v. Draper, 48 Mo. 213; State v. Clark, 52 Mo. 508; State v. John, 81 Mo. l. c., 17; State ex rel. v. Gordon, 236 Mo. l. c., 159.

*C. Doneghy* for respondent.

(1) The petition does not state facts sufficient to· constitute a cause of action.—It fails to show that the relator was ever commissioned by the mayor as required by law. R. S. 1909, sec. 10197; R. S. 1909, sec. 9147; R. S. 1909, sec. 9150. (1a) Until the commission has issued there is no qualification. State ex rel. v. Morison, 41 Mo. 238; State ex rel. v. Pool, 41 Mo. 32; State ex rel. v. Seay, 64 Mo. l. c., 100, 101; Creighton v. Comrs., 83 Ky. 142; Adams v. Harper, 20 Mo. App. 686; 19 Am. & Eng. Cy. Law, 440, note 2. (1b.) Until the successor is commissioned the statute leaves the title to the office in the predecessor. R. S. 1909, sec. 10197; R. S. 1909, sec. 9147; Constitution, art. 14, sec. 5; State ex rel. v. Seay, 64 Mo. l. c., 101; State ex rel. v. Vail, 52 Mo. 508. The petition, on its face, shows that he entered upon the duties and discharge of the office before he had been commissioned as required by law and that he was, therefore, a mere intruder, a usurper, which is forbidden by the criminal laws of the State. R. S. 1909, secs. 4419, 4414; State ex rel. v. Morison, 41 Mo. 238; State ex rel. v. Seay, 64 Mo. 100; Mathews v. Copiah County, 53 Miss. 715, 24 Am. Rep. 715. Where the relator is a

party to the record and puts the title to the office in issue his right to the office can be enquired into in a mandamus proceedings.   Mathews v. Copiah County, 24 Am. Rep. 716, 53 Miss. 715; 17 Cyc. P. & Prac. 166; Abbott Mun. Corp. sec. 644, note 280.

BROADDUS, P. J.—Mandamus.   On the 4th day of April, 1911, the relator, William Frank, was elected to the office of city attorney for the city of Kirksville, and took the oath of office, and has since been acting as· such.   The salary of the city attorney is $200 a year, payable monthly, and, in addition thereto, he is allowed a fee of five dollars for every conviction or plea of guilty of every defendant when paid in money.

The mayor and council on the 2d day of October, 1911, passed an ordinance appropriating out of the general revenue fund of the city $855.71, for compensation to the officers and employees of the city, and directing that warrants be issued therefor.   It is admitted that relator's claim for his salary of $16.66 for the month of September was included in the appropriation. The city clerk drew a warrant in favor of relator for said sum of $16.66, which the respondent Goben, mayor of the city, refused to sign.

The mayor in his return, admits that he refused to sign the warrant, and denies that the relator was the duly elected and qualified city attorney of said city. He then sets up that relator, at the time he claims to have been city attorney, was assistant prosecuting attorney of Adair county, in which the city of Kirksville is situated.

Although it is admitted that relator was duly elected and took the oath of and entered into the office of city attorney, he was not commissioned as such.

Upon the hearing, the court found in favor of respondent, and relator appealed.

The defenses relied on are two.   First: That relator was not the lawful city attorney, not having been

commissioned as such. Second: That he held, prior to his election as city attorney and at the time he claims to have been city attorney, the office of assistant prosecuting attorney of the county, and that, therefore, the two are incompatible.

The question presented by the record is whether in a proceeding of this kind, an inquiry can be entered into as to relator's title to the office. Respondent insists that it is permissible to do so under the decisions in this State, among which are the following: State ex rel. v. Morrison, 41 Mo. 239; State ex rel. v. Pool, idem. 33. In these cases the proceedings were by *quo warranto,* which is the proper remedy to test the title of the incumbent to the office, and, therefore, have no application to the question.

In Sheridan v. St. Louis, 183 Mo. 25, in an action to recover a salary alleged to be due the plaintiff as a member of the House of Delegates of the city of St. Louis, the answer disputed his right to the office. The facts were that plaintiff and a man by the name of Vogel were candidates for the office of delegate. At the election Vogel received a majority of the votes cast, but the House of Delegates declared Vogel ineligible to the office, and passed a resolution declaring the election of plaintiff, and he took the oath and entered upon the duties of the office. The court held that when the House of Delegates declared that Vogel was ineligible to the office, its authority ceased, and it had no power to declare the election of plaintiff. After reference to some of the authorities, Judge MARSHALL, who delivered the opinion of the court, used the following language: "Without further elaboration it follows that the claim to the salary based upon the theory that relator was a *de facto* officer, and, as such, entitled to the pay because he performed the duties of the office, is untenable." It may be that the writer of the opinion meant to distinguish between an intruder into an office who performs its duties, and one who enters into

the same, based on a claim of right. There is not a single decision of the appellate courts cited in support of the views expressed by the court. On the contrary, there is a long list of cases decided by the appellate courts of this State to the effect that in mandamus to compel the payment of the salary of an office, the title to it can not be enquired into. State ex rel. v. Moseley, 34 Mo. 375; State ex rel. v. Thompson, 36 Mo. 70; Winston v. Moseley, 35 Mo. 146; State ex rel. v. Draper, 43 Mo. 213; State ex rel. v. John, 81 Mo. 1; Dickerson v. City of Butler, 27 Mo. App. 9. And such is the law as recognized in more recent cases. State ex rel. v. Gordon, 236 Mo. 142. In this case it is held: "That the right to an office cannot be determined in a proceeding by mandamus to compel payment of the salary to a person claiming said office, or in a proceeding to compel the performance of official duty alleged to be obligatory, by reason of the official character of the claimant. In such cases he who has the better *prima facie* right must be recognized until, by contesting the election or by proceedings in *quo warranto,* the rights of the parties are finally determined." A similar question arose in State ex rel. Harvey v. Gilbert, 164 Mo. App. 139, where the defendant, a presiding judge of the county court, refused to sign a warrant for relator's salary as county counselor. Held, that it was no defense to the action.

It may be said in support of the holding in Sheridan v. St. Louis, supra, that Sheridan had no claim of right to the office, and that it, at best, was only color of right, the office being vacant when he entered.

The relator presents a far different case. It is admitted that he was legally and duly elected and rightfully entitled to the office; that he had entered upon and discharged its duties and no one was disputing his right. He was in no sense an intruder under mere color of title.

It is further insisted that the offices of city attorney and assistant prosecuting attorney are incompatible. And whether they are is immaterial, for the reason that the question involved would also be an inquiry into the right of the relator to the office, which is a matter, as we have already said, that cannot be tried in this proceeding.

The relator is clearly entitled to his salary, and for this reason, the cause is reversed and remanded with directions to enter judgment making the preliminary writ perpetual. All concur.