[Civ. No. 2582. Second Appellate District.—July 30, 1918.]

## PLACENTIA NATIONAL BANK (a Corporation), Respondent, v. MARCUS LANDSBERG, Appellant.

Action on Promissory Note — Pleading — Form of Signature—Insufficient Negation of Execution.—In an action on a promissory note, an allegation that the defendant made, executed, and delivered the note to the payee is not negatived by the mere fact that the form of signature to the note was "M. L. (defendant) by N. L."

Id.—Delivery of Note by Payee to Plaintiff—Sufficiency of Allegation.—In such an action, an allegation that the payee indorsed the note to the plaintiff and that the plaintiff at all times since has been and now is the owner and holder of the note is a sufficient statement, as against general demurrer, that the note was delivered by the payee to the plaintiff.

Id.—Names Indorsed on Note—Insufficient Negation of Indorsement to Plaintiff.—In such an action, the allegation that the payee indorsed the note to the plaintiff was not overcome by the fact that the copy of the note as set forth carried a series of names indorsed thereon, of which the payee's was not the last name.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

Stewart, Weil & Turner, for Appellant.

Spencer Thorpe, for Respondent.

CONREY, P. J.—By his complaint, which is in four counts, the plaintiff brought this action to recover upon four promissory notes, each of which was made payable to J. M. Thomas or order, and signed "Marcus Landsberg, by Nathan Landsberg." The defendant appeals from the judgment.

It is claimed that for three reasons the complaint does not state a cause of action: 1. Because the copy of the note set out in each count shows that it was not executed by the defendant as alleged in the complaint, but by Nathan Landsberg, and there is no allegation in the complaint that Nathan Landsberg had any authority to execute the note for or in the

name of Marcus Landsberg. 2. Because there is no allegation in either of the four counts that the notes or either of them were ever delivered to the plaintiff. 3. Because the indorsements on each note set out in the complaint show that the same was not indorsed by J. M. Thomas, the payee, but, on the contrary, show in each instance the name of some person other than plaintiff following the name and indorsement of J. M. Thomas, and, therefore, that the indorsement made by J. M. Thomas must have been made to such other person and not to plaintiff.

The complaint in each count alleged that the defendant made, executed, and delivered to J. M. Thomas the described note. This is not negatived by the mere fact that the form of signature to the note was as above stated. (*Goetz* v. *Goldbaum,* 4 Cal. Unrep. 749, [37 Pac. 646].)

The complaint in each count alleged that at a stated time the said J. M. Thomas "indorsed said note to plaintiff and plaintiff at all times since has been and is now the owner and holder of said promissory note." We think that this was a sufficient statement that the note was delivered by Thomas to plaintiff. It is true that in a certain sense there may be an indorsment of a note prior to delivery thereof; but to construe the stated allegation as merely alleging an indorsement without delivery would be to ignore the meaning of the language used in the allegation as quoted above. There was no demurrer on grounds of uncertainty or ambiguity in the complaint. The sole point urged is that the complaint does not state a cause of action.

It is true that in each count the copy of the note as set forth carries a series of names indorsed thereon, of which J. M. Thomas is not the last name. This is not alone sufficient to overcome the allegation that Thomas indorsed the note to plaintiff.

The judgment is affirmed.

James, J., and Shaw, J., concurred.