JOHN GORMAN, APPELLANT, v. THE COMMISSION-
ERS OF BOISE COUNTY, RESPONDENTS.

OFFICE—OFFICER—FEES.—A. was duly elected to the office of assessor and tax collector, and presented his bond for approval to the county commissioners, who refused to accept it, and thereupon appointed B. to fill the office. B. duly qualified, collected the taxes, and received compensation therefor: *Held*, that A., on being restored to office, could not recover from the county the fees to which he would have been entitled if in office.

IDEM.—The right to compensation is an incident to the services rendered, and not to the office.

OFFICER DE FACTO.—The incumbent of an office, though only an officer *de facto* under color of right, is alone entitled to compensation for the services performed by him.

COMPLAINT—OBJECTIONS TO.—Where a party shows no right to recover, objections to the complaint or other pleading may be taken for the first time in the appellate court; and where a party shows no right to recover under any possible state of proof, the court is not bound to submit the case to a jury.

APPELLATE COURT—REMANDING CASE.—When the appellate court is in possession of all the rights of the parties, and can render full and complete justice, it will not remand the case for further litigation.

LACHES—DEFECTIVE COMPLAINT.—No laches is imputable to a defendant for not interposing objections to the complaint at the first opportunity, when it appears that the plaintiff is not entitled to recover.

APPEAL from the second judicial district, Boise county.

*George Ainslie and Huston & Gray,* for the appellant.

*Jonas W. Brown,* for the respondents.

HOLLISTER, C. J., delivered the opinion, CLARK, J., concurring. PRICKETT, J., having been of counsel, took no part in the case.

The case shows that on the fifth day of November, 1872, appellant was duly elected to the office of assessor and tax collector of Boise county, for the years 1873 and 1874, and on his failure to procure the approval of his official bond, the board of commissioners of the county declared the office vacant, and Ben. T. Davis was appointed in his place, fulfilled the duties of the office, collected the taxes, and received the fees allowed by law, as compensation for his services, amounting to the sum of four thousand nine hundred and fifty-one dollars and thirteen cents. On proceedings instituted for the purpose, the action of the board was declared by this court to be null and void, and appellant was adjudged to be entitled to the office.

On the seventh of April, 1874, appellant presented his claim against the county to the board of commissioners for the amount paid Davis, alleging that by virtue of his office he was justly entitled thereto; which was disallowed by the board by an order duly entered upon its records, from which appellant took an appeal under the statute to

the district court of the county, stating in his notice of appeal the foregoing facts, though in a more extended form, as the grounds of appeal as required by law.

On the hearing of the appeal, the district court, instead of affirming, reversing, annulling, or modifying the order appealed from as the statute requires, entered judgment against the board of commissioners and the county for the full amount claimed, together with interest and costs. From this judgment the board of commissioners appealed to this court and the judgment was reversed, on the ground that the district court erred in rendering a money judgment, and remanded the case for a new trial on the whole case, without directions for a *venire de novo*.

At the March term, 1876, of the district court, respondents interposed a demurrer to the claim and statement of the grounds of appeal from the order of the board of commissioners, etc.—alleging, among other reasons, that the account, notice of appeal, and alleged grounds of appeal do not state facts sufficient to show that said account was legally chargeable against the county. This demurrer was sustained by the court, and a judgment was entered that the order of the board of commissioners rejecting appellant's claim be affirmed. From this judgment appellant brings his appeal.

It can not be doubted that as against the person who has kept one out of office, by intrusion, an action would lie for the injury, and the lawful perquisites which he would have received if in office, would be a proper subject of inquiry. (Campbell, C. J., in *The Auditors of Wayne Co.* v. *Benoit*, 20 Mich. 176). Our statute, sec. 278, p. 133, of the second session laws, and also the revised code, sec. 338, p. 158, have recognized his right to such redress, and provided for the recovery of damages by action. Public offices in this territory are not incorporeal hereditaments, nor have they the character or qualities of grants. They are agencies. They are voluntarily taken, and may, at any time, be resigned. They are created for the benefit of the public, and not granted for the benefit of the incumbent. Their terms are fixed with a view to public utility and convenience, and not

for the purpose of granting emoluments, during that period, to the office holder. The prospective salary or other emoluments of a public office are not the property of the officer, nor the property of the state. They are not property at all. They are like daily wages unearned, and which may never be earned. The incumbent may die or resign, and his place be filled, and the wages earned by another. (*Connor* v. *The Mayor of N. Y.*, 5 N. Y. 285.) "An office is not property, nor the prospective fees of an incumbent. The right of fees does not grow out of any contract between the officer and the government. The right to fees arises from the rendition of services." (*Smith* v. *Mayor of N. Y.*, 37 Id. 518.

In the case of *Smith* ads. *The People*, 28 Cal. 21, the supreme court of California held that the right to compensation was an incident to the office, yet this is not considered as law. There was no reasoning on which the decision was based, and the case in New York relied on in support of it, was overruled in 37 N. Y. 518, above quoted.

In 20 Mich. 176, above cited, it was held that the right to compensation belongs to the incumbent of an office, holding under color of right, for services rendered, and not to the officer *de jure*, who has been kept out of office, but who has not entered upon its duties.

The appellant never entered upon the duties of his office until after Davis had performed the services and received the compensation. It is true he was prevented from doing so by the erroneous action of the commissioners, but he did not earn the fees, and Davis did, under color of right, and had a legal right to them, of which the county could not deprive him. His official acts, while acting as an officer *de facto*, under color of an appointment by the board, were binding upon third persons, and upon the people, and no inquiry could be had as to his right to compensation for his services so long as he was the acting officer. Any payments made to him for services rendered in the discharge of his public duties, while an incumbent of the office, were valid and binding, and the county can not be made liable to pay a second time.

It is urged that the board of commissioners acted in violation of their duties in appointing Davis to the office, which legally belonged to appellant, and in doing so a wrong was committed by which he suffered injury. Conceding that their action was erroneous, and that appellant was wronged thereby, still the county can not be made responsible for it. Counties are created *in invitum*, for certain political or governmental purposes. They are but parts of the machinery by which the affairs of the people are conducted, and they stand in the same relation to the agents which they are obliged to select in aid of the public services as the government of which they are parts, and can no more be held responsible for their acts than can the entire government. In selecting these public agents, they act not voluntarily, but under the compulsory requirements of the law. When chosen these agent become public officers, clothed with certain functions defined by law. The counties have no control over their actions, and can give no directions as to the manner in which they are to discharge their duties, nor can they remove them at their pleasure. These officers act entirely independent of the people who choose them, and as a consequence are not responsible to them, except politically, for any official act performed, nor are the people at large or of the counties amenable to any one for their neglect or misfeasances.

It may be, if a board of commissioners, or any other public officer, willfully and corruptly do any act, under cover of lawful authority, by which a person is injured, that they may be held answerable to such person. The legislature, in providing for the compensation of public officers, undoubtedly contemplated that it should be for services rendered, and it follows that any one qualified to perform the services is entitled to compensation therefor.

As has been seen, Davis was not a mere intruder, without any claim or color of title. He received his appointment from a body authorized by law to make it, and was clothed with all the *indicia* of office. He made the collection in a legal manner, and in doing so, his acts were as binding upon the public as they would have been had he been act-

ing as an officer *de jure*. The public were more interested in the collection of the taxes than they were in the claims of either party to the office or its emoluments. The services having been performed by Davis, he alone was entitled to the fees, and when payment was made to him, the responsibility of the county ceased. As was said, in the case referred to in 20 Mich.: "There may be cases where the redress of the aggrieved party will be difficult. But the public convenience is not on that account to be sacrificed. It is important to have the right man in office, but it is more important to be able to deal safely with those who are actually in place." So long as Davis held the office, no inquiry could be had collaterally as to his right thereto. The whole public interests would have been thrown into confusion, if the taxpayer could have refused to pay taxes, or the county his fees, on the ground that he was not properly in office. The collection of the revenue could not be delayed until the title to the office was judicially determined, nor could Davis be compelled to establish his claim to the office before proceeding to the collection of the revenue. Being thus compelled to act as an officer *de facto*, he was entitled to compensation for his services. Until he ceased to be an officer, the collection of taxes by him, as well as payments made therefor, were lawful.

It is suggested that it nowhere appears in the papers demurred to that Davis was not paid for his services. It is a sufficient answer to say that appellant makes no allegation of that fact, and as this was essential to his right to recover, it should have been averred. The presumption arising from this failure, must be that Davis received his compensation when the services were performed. The law, presumptively, knows no credit. It must be made to appear by allegation and proof.

It is insisted by appellant's counsel that the district court erred in allowing the demurrer to be interposed for the first time, after one trial was had upon the facts, and a new trial ordered by the supreme court. Proceedings of this character must be governed by the statute relating to them, or, where the statute is silent, by the ordinary course of pro-

ceedings as at common law. The order of the supreme court remanding the case for a new trial gave no directions that a new trial should be had upon the issues of fact as they then stood, and this left the district court to determine whether it was proper to try an issue of law in the first instance before letting the case go to the jury upon an issue of fact.

On on appeal from an order of the board of commissioners the statute requires that the party appealing should state in his notice of appeal, the fact of his appeal, and the grounds of appeal. The appellant followed these requirements, and stated his case fully, by showing the grounds on which he based his right to recover, and the reasons why, as he claimed, the board erred in rejecting his claim. The object of the statute most clearly is, to advise the district court, on an appeal, of any errors the board had committed, by an inspection of the statement, and should the court upon such inspection determine that no error had been committed, it was its duty to affirm the order. Under the statute no other written pleadings or statement were required, and hence questions of law might be prevented, either by a motion to dismiss, as contended for by appellant's counsel, by inspection, or by demurrer. If the end could be attained by either mode, and the same result arrived at, it was not error to adopt either of the three.

Section 19 of the act, which gives the right of appeal and regulates the mode, requires the case, upon appeal, to be heard *de novo*, but whether upon an issue of law or of fact, it is entirely silent. In such a proceeding there is nothing in principle, and certainly not in the law, which requires the appellate court to let the case go to the jury, when by the appellant's own showing he is not entitled to recover. Where the court is satisfied a party, by his own showing, can by no possible state of proof recover, it is not bound to submit the question of fact to a jury. (*Edmondson* v. *McLeod,* 16 N. Y. 543; *Griffin* v. *Marquardt,* 17 Id. 28; *Brown* v. *Bowen,* 30 Id. 519.)

It is well settled that where a party shows himself not entitled to recover, and a verdict is found in his favor, ob-

jection for the first time may be taken on appeal. (7 Barb. 581; *Hentsch* v. *Porter*, 10 Cal. 555.) And this, though a demurrer be not filed. (*White* v. *Pratt*, 13 Id. 521.) Suppose the case, when remanded, had gone to the jury, and the verdict had been for the appellant, upon the facts shown by his statement, most assuredly it would have been the duty of the court to set aside the verdict as against the law, and so too it was its duty to refuse to submit the case to the jury, where such a result would follow. (*Godin* v. *Bank of Commonwealth*, 6 Duer, 76.)

From these considerations it follows that respondents were guilty of no laches, in not in a formal manner presenting the issue of law to the court until after the case was remanded for a new trial. It was the duty of the court to determine whether the appellant had presented a claim which gave him a right of action, whether a motion was made to dismiss the appeal, or a demurrer was interposed to his statement or not. An objection can never come too late, where the other party shows no right of action under any possible state of proof.

Upon the primary and principal question that appellant shows no right to recover, my associate, Justice Clark, agrees with me, as I understand him, but he seems to think the demurrer was not in apt time, and that the court erred in not letting the case go to the jury. Where this court is in possession of all the rights of the parties, and full and complete justice can be done, it is not its duty to send the case back for farther litigation.

The judgment of the district court is affirmed, at the costs of the appellant in this court and the court below.