# CASES

## ARGUED AND DETERMINED

BY·THE

# SUPREME COURT

OF

# The State of Missouri

AT THE

## OCTOBER TERM, 1883.

(*Continued from Volume 80.*)

---

THE STATE *ex rel.* SIMMONS v. JOHN, *Appellant.*

81   13
80a 223

1. **Office, Trial of Right to**: MANDAMUS: QUO WARRANTO. The right to an office cannot be determined in a proceeding by mandamus to compel the payment of salary to a person claiming such office, or in a proceeding to compel the performance of official duty alleged to be obligatory, by reason of the official character of the claimant. In such cases he who has the better *prima facie* right must be recognized until, by contesting the election, or by proceedings in *quo warranto*, the rights of the parties are finally determined.

2. **Contested Elections**: TRIAL OF: CONSTITUTION. The authority which city councils may have possessed to hear and determine a contested election for city officers, was abrogated by section 9, article 8 of the constitution, which provides that "the trial and determination of contested elections of all public officers, whether State, judicial, municipal or local, except governor and lieutenant-governor, shall be by the courts of law or one or more of the judges thereof."

*Appeal from Lafayette. Circuit Court.*—HON. WM. T. WOOD, Judge.

REVERSED.

*Walker & Field* and *Alexander Graves* for appellant.

Contested elections cannot be determined in a proceeding on a writ of mandamus. 12 Am. Dec. 28; *State ex rel. Jackson v. Auditor*, 34 Mo. 375; 36 Mo. 70; *Winston v. Mosley*, 35 Mo. 46; *State ex rel. Jackson v. Howard Co. Ct.*, 41 Mo. 247; *State ex rel. Vail v. Draper*, 48 Mo. 213. The city council having counted the votes and declared Turner elected, and having directed the mayor to commission him, which was done, could not annul its work. The council had performed its office, and its duties in that behalf were at an end. The commission that they had given to Turner could only be revoked in a proper proceeding for that purpose. *Hadley v. Mayor, etc.*, 33 N. Y. 603; *State ex rel. Bell v. Harrison*, 38 Mo. 540; *State v. Warren*, 1 Houston 43; Cooley on Const. Lim., (2 Ed.) side p. 623. It is claimed that Thomas B. Claggett was the register *de facto*. But the evidence shows that Turner was *de jure* and *de facto* register. There cannot be at the same time an officer *de jure* and one *de facto* in possession of the same office. *Boardman v. Halliday*, 10 Paige 232; *Conover v. Delvin*, 15 How. Pr. 479; *Hildreth v. McIntire*, 19 Am. Dec. 61, and notes. The action of the city council in assuming jurisdiction of the election contest instituted by Claggett was entirely unauthorized by law. Art. 8, § 9, Const. of Mo., Scedule, § 1. The authority of the city council to deter-

mihe election contests ceased on the 1st day of July, 1877. That body assumed to determine this contest in 1880, more than a year after its authority had been repealed. It will be conceded that the defendant, B. T. John, is no longer in office, and, therefore, could not obey the writ. On retirement from office the writ abates. *U. S. v. Boutwell,* 17 Wall. 604; *Secretary v. McGarrahan,* 9 Wall. 298.

*J. D. Shewalter* for respondent.

The court had no power on mandamus to determine the power of the council to try contested elections, or who was legally elected to the office—it could only inquire as to who actually held said office. *St. Louis Co. v. Sparks,* 10 Mo. 118; *Winston v. Auditor,* 35 Mo. 146; *State v. Auditor,* 34 Mo. 375; *State v. Auditor,* 36 Mo. 70. Hence the instruction for respondent, which placed the right to the peremptory writ on Claggett, having been commenced, in fact, after Turner (whether rightfully or wrongfully, was not the question), and being placed in possession of the office (if the court so believed from the evidence) was proper. For the same reason the instructions asked by defendant were properly refused. It is sufficient for the auditor that another person has been commissioned as judge of the same circuit. *State v. Auditor,* 34 Mo. 383. Claggett had qualified, was in possession of the office, and the mayor could not raise, as he attempts by his return, the question whether the council could try the contested election case, order a new election or commission and place Claggett in office.

Hough, C. J.—This is a proceeding by mandamus to compel the respondent, who is mayor of the city of Lexington, to sign a warrant in favor of the relator, Simmons, drawn by Thomas B. Claggett, who is alleged to be register and treasurer of said city of Lexington. The respondent refused to sign said warrant, and alleged as a reason therefor, that said Claggett is not register and treasurer of said city,

but that Henry Turner is; that said Turner received a certificate of his election from the city council, was duly commissioned by the mayor, qualified and gave bond as such in June, 1880. The relator admits that said Turner was commissioned and qualified as alleged, but avers that thereafter, and within the time provided by law, said Claggett instituted proceedings before the city council to contest the election of said Turner, and that said counsel declared the vote for said parties, who were the only candidates, to be a tie, and ordered a new election, at which said Claggett was duly elected, and having received a certificate thereof, was duly commissioned and qualified as register and treasurer as aforesaid. The respondent denies the jurisdiction of the city council to determine a contest for the office of register and treasurer, and its authority to order the special election at which Claggett claims to have been elected.

We have stated the issues, not in the order in which they are stated in the pleadings, but in the order in which they should have been stated. It appears from the record that Turner and Claggett each claimed at the time these proceedings were instituted, to be the rightful incumbent of the office in question, and each assumed to act as register and treasurer, and that no proceedings by *quo warranto* had been instituted by Claggett against Turner, and that Turner had possession of the records, seal, money, books and papers of said city, and was performing some of the duties of his office, but that Claggett was recognized by a majority of the council as the rightful register, and kept their minutes. It seems to be conceded that the respondent, as mayor, cannot lawfully sign the warrant in question, unless it has been drawn by the register. The mayor refuses to recognize Claggett as register, and the purpose of this proceeding is to compel him to do so. It is contended for the relator that no inquiry can be had in this proceeding into the right of Clagget to the office of register, and, that being a *de facto officer*, the mayor is bound to recognize his official acts. With the ultimate right of either Turner or Clag-

gett to the office of register, we can have nothing to do in this proceeding. The right to an office cannot be determined in a proceeding by mandamus to compel the payment of salary to a person claiming such office, or in a proceeding like the present, to compel the performance of official duty alleged to be obligatory by reason of the official character of such claimant. In such cases he who has the better *prima facie* right must be recognized, until, by contesting the election, or by proceedings in *quo warranto*, the rights of the parties are finally determined. Under this view of the law, which is supported by the decision of this court in the case of the *State ex rel. Vail v. Draper*, 48 Mo. 213, it is quite plain on the facts in this record, that if Turner had instituted a proceeding by mandamus to compel the payment of his salary as register, he would have been entitled to a peremptory writ. The votes for Turner and Claggett were duly canvassed. Turner received the certificate, was duly commissioned and qualified. Thereafter, the city council, without authority of law, heard a contest for the office, declared a tie vote, and ordered another election. We say without authority of law, because it is proded by section 9, article 8, of the constitution, that "the trial and determination of contested elections of all public officers, whether state, judicial, municipal or local, except governor and lieut.-governor, shall be by the courts of law, or one or more of the judges thereof." This provision, under the first section of the schedule, went into effect on the first day of July, 1877, and completely abrogated all authority which the city council may have previously possessed to hear and determine a contested election for city officers. In granting a certificate of election to Turner, the city council exhausted its jurisdiction in the premises, and all further proceedings had by it, which resulted in the election of Claggett, were wholly and utterly void. *State v. Draper supra.* The election held was at most a mere voluntary election, and Claggett acquired no rights thereunder. The city council could not give Claggett any rights superior to

those of Turner, by recognizing him as register in its meetings or otherwise. Turner being regularly commissioned and qualified, and being ready and willing to discharge the duties of the office, and, in so far as he was able, being engaged in discharging his duties, and being possessed of the books, papers, seal and records of the city, was properly recognized by the mayor as the rightful register, and the writ of mandamus should have been denied by the circuit court. Its judgment must, therefore, be reversed. All concur.