[Civil No. 456.    Filed May 6, 1895.]

[40 Pac. 185.]

G. N. ADAMS, and ISAAC TITUS, Executors of the Estate of I. S. Titus, Deceased, Plaintiffs and Appellees, v. THE DIRECTORS OF THE INSANE ASYLUM OF ARIZONA, Defendants and Appellants.

1. OFFICERS—SALARY—DE FACTO OFFICER'S RIGHT TO—IN ABSENCE OF DE JURE OFFICER—BEHAN v. DAVIS, 3 ARIZ. 399, 31 PAC. 521, FOLLOWED.—An officer *de facto* is entitled to the salary of the office

for the performance of the duties thereof, there being no *de jure*
officer. *Behan* v. *Davis, supra*, followed.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
A. C. Baker, Judge. Affirmed.

· The facts are stated in the opinion.

Francis J. Heney, Attorney-General, for Appellants.

Payment having been made to Toney, Titus, who was only
a *de facto* officer, cannot recover the amount of salary from
the territory. *Shaw* v. *Pima County,* 2 Ariz. 399, 18 Pac.
273; Mechem on Public Officers, sec. 332.

Even if Titus had been a *de jure* officer, he cannot recover
from the territory; his remedy is against Toney. *Shaw* v.
*Pima County, supra;* Mechem on Public Officers, sec. 871.

To recover from the public the salary attached to an office,
the officer must show that by a lawful election and qualifica-
tion he is the officer *de jure.* A mere *de facto* officer cannot
recover. Mechem on Public Officers, sec. 867.

Alexander & Stilwell, for Appellees.

This court held in the Behan case, 3 Ariz. 399, 31 Pac. 521,
that Ingalls was not entitled to pay as the superintendent of
the prison, but that Behan was, as the officer *de facto,* and un-
der the same facts as in the case at bar. Titus, as officer *de*
*facto,* performed the services, and the territory received the
benefits of such performance. Toney was neither *de facto* nor
*de jure* officer during the period in question. Toney got the
money Titus was entitled to, and to refuse Titus payment
would be a fraud.

BETHUNE, J.—On the nineteenth day of May, 1888, I. S.
Titus was appointed by the board of directors of the insane
asylum of this territory the resident physician and superin-
tendent thereof, and performed the duties of said office from
the first day of June, 1888, when he qualified, until the nine-
teenth day of June, 1890, when it was adjudged by the district
court of the second judicial district of this territory in and
for the county of Maricopa that said Titus was not legally
entitled to hold said office, on the ground that the governor

of the territory alone had power to appoint a person thereto; but on the first day of October, 1889, a new board appointed L. C. Toney as the resident physician and superintendent, who, as the record shows, was not within the territory from that time until June 19, 1890. The board of directors refused to pay Titus any of the salary from the 1st of October, 1889, to June 19, 1890, notwithstanding he performed the duties of the office in the absence of Toney, but did pay it to Toney by its warrant on the treasurer of the territory. Titus in his lifetime brought this action to compel the board of directors to draw its warrant on the treasurer of the territory for the sum claimed by him as salary from October 1, 1889, to June 19, 1890, and, dying pending the litigation, his executors, appellees, were substituted as plaintiffs, and judgment was rendered in their favor in the court below, from which judgment defendants appeal to this court. There is no dispute as to the facts in the case, but appellants contend that, payment having been made to Toney, Titus being only a *de facto* officer, cannot recover from the territory or the board the amount claimed to be due him. This would certainly be true had Toney been a *de jure* officer, but, he being neither a *de jure* nor a *de facto* officer, the payment made to him was without any reason or warrant of authority whatever, and could not affect Titus's right. The case of *Behan* v. *Board of Prison Commissioners*, 3 Ariz. 399, 31 Pac. 521, is almost on all fours with this case, in principle. As said in that case: "Prior to the bringing of the suit in the district court by the attorney-general against Behan, it had been the practice that the superintendent should be appointed by the board of prison commissioners, and the legality of that practice, up to the time of the judgment of ouster against Behan, seems to have been unquestioned." In that case, as in this, there was no *de jure* officer, and Behan, having performed the duties as superintendent under the appointment of the board of prison commissioners (who it was afterwards adjudged had no power to appoint), was awarded the salary attached to that office. Following the principle of that case, we think the judgment in this case should be affirmed, and it is so ordered.

Hawkins, J., and Rouse, J., concur.