CASE 27.—ACTION BY W. W. EUBANK AGAINST MONTGOM-
        ERY COUNTY FOR    SERVICES AS SUPERVISOR
        OF COUNTY ROADS.—November 21.

## Eubank v. Montgomery County

Appeal from Montgomery Circuit Court.

A. W. YOUNG, Circuit Judge.

Judgment for defendant, plaintiff appeals—Affirmed.

Officers—De Facto Officers—Right to Compensation.—One who is merely a de facto officer and knows that his right is disputed, though not guilty of usurpation of the office, is not enitttled to the emoluments of the office, without regard to whether there is another entitled to and claiming the office.

Eubank v. Montgomery County.

C. C. TURNER, Attorney for appellant.

JAS. H. HAZELRIGG and JNO. E. COOPER of counsel.

### POINTS AND AUTHORITIES.

1. Where there is no de jure officer, a de facto officer who has rendered the service, may recover compensation therefor; the rule that the right of compensation follows the title to an office is made for the benefit of the de jure officer and not to enable the public to avoid payment for services rendered by one of its citizens. There being no legal title in any one, the right to compensation follows the prima facie and best title. (Behan v. Board of Prison Commissioners (Arizona), 31 Pac. Rep., 521; Adams v. Directors of Insane Asylum (Arizona), 40 Pac. Rep., 185; Nall v. Coulter, Auditor, 25 Ky. Law Rep., 1891; State v. Draper, 48 Mo., 216; Meachem on Public Officers, section 331; Eubank v. Comth., 31 Ky. Law Rep.; Henry v. Comth., 31 Ky. Law Rep.)

2. Where the right to compensation can not follow the legal title because there is no one having it, the right is incident to and should follow the rendition of service. (Erwin v. Jersey City, 6 N. J. L., 141; Gorman v. Commissioners, 1 Idaho, 655.)

C. F. THOMAS, County Attorney, for appellee.

### POINTS AND AUTHORITIES.

1. Fiscal courts can not create offices without statutory authority. (Fleming County v. Howe, 89 S. W. 225, 28 Ky. Law Rep. 458.)

2. Municipal corporations or counties can not become indebted for personal services rendered them upon implied assumpsit. (Morgantown Deposit Bank v. Johnson, Sheriff, etc., 108 Ky., 507; Perry County v. Engle, 76 S. W. 382, 25 Ky. Law Rep. 813; Wortham v. Grayson County Court, 13 Bush, 53; City of Covington v. Hallam & Myers, 16 Ky. Law Rep., 128; McDonald's Admx. et al. v. Franklin County, 100 S. W. 861, 30 Ky. Law Rep. 1245; Am. & Eng. Ency. of Law, vol. 7, p. 947; Epperson v. Shelby County, 7 Lea (Tenn.), 275.)

3. De facto officer can not claim compensation for official services. (Comth. ex rel. Bowman v. Slifer, 64 Am. Dec. (Pa.), 680; Mathews v. Supervisors of Copiah County, 24 Am. Rep., 715; Henderson County v. Dixon, 63 S. W. 756, 23 Ky. Law Rep., 1204; Ky. Stats., section 4748b, subsection 6; sections 4313, 4315.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

W. W. Eubank presented to the Montgomery fiscal court a claim for $600 for services as supervisor of roads from April 1, 1905, to January 1, 1906. The fiscal court allowed the claim. The county appealed to the circuit court, and the circuit court disallowed the claim. From that judgment Eubank appeals.

The facts of the case are set out in Eubank v. Commonwealth, 126 Ky. —, 31 Ky. Law Rep. 746, 103 S. W. 368. That was a proceeding against Eubank for usurpation of office. We there held that Eubank was a de facto officer, and that he was not guilty of usurpation of office under our statute. The general rule is that a de facto officer is not entitled to the emoluments of the office. In Commonwealth v. Slifer, 25 Pa. 23, 64 Am. Dec. 680, the court thus stated the rule: "His acts are good so far as others are concerned. But the rule seems to be established that none but the officer de jure can successfully claim compensation for official services." In Matthews v. Copiah County, 53 Miss. 715, 24 Am. Rep. 715, where a similar question was made, the court said: "The question at issue here is whether he can assert against the State or against a county, which is a constituent part of the State, a demand for official fees which he claims to have earned by a violation of her Constitution. If he can do so, there is an end at once between a de jure and a de facto officer, since it is impossible to perceive how the latter, while undisturbed by quo warranto, occupies a position at all inferior to the former. The acts of both are alike valid, both would be alike protected from the assaults

of private persons, and each would have an equal claim upon the State for compensation. Such a construction of the law would be a direct encouragement to usurpation of office. The intruder or the incumbent wrongfully holding over would be liable, indeed, to be ejected at the end of a long and costly litigation, but in the meantime he would have grown rich by the fees and salaries which he would have extorted from the State, whose laws he had violated in holding the position."

It is insisted for the appellant that the above is the rule where there is one who is rightfully entitled to the office, but that the rule has no application where there is no other claimant of the office. In support of this distinction, we are referred to Behan v. Prison Commissioners, 3 Ariz. 31 Pac. 521, and Adams v. Insane Asylum, 4 Ariz. 327, 40 Pac. 185. It was held in the first of these cases that a superintendent of the prison who had been appointed by the commissioners and had performed the services should be paid, although it was subsequently held that the Governor was the only person who could make the appointment. There are some other cases to the same effect, but the weight of authority is to the contrary. 8 Am. & Eng. Encyc. 812. Waiving the question whether the fiscal court of a county may create a claim upon the county under our statute by implication from its conduct when it did not do so by record, we are satisfied that in the case at bar Eubank was standing on his legal rights with notice that his right was disputed, and that he took the risk of his right being upheld. A man cannot be allowed to hold on to an office to which he is not entitled when he knows his right to the office is denied and then claim compensation for his services after it is held that he had

no right to the office. By holding on to the office under such circumstances he takes the risk of his right being established. The record leaves no doubt that Eubanks knew in April that his right to the office was denied, and that from that time on he insisted upon holding to the office notwithstanding this. We have held that he could not be punished for usurpation of office, and, if we should now adjudge him entitled to the emoluments of the office, he would be in the same status as if he had been adjudged the office. It is a sound rule of public policy that those who hold public offices without right are not entitled to the emoluments of the office. Their acts are valid as to third persons for the protection of the public, but they are invalid as to themselves, for the discouragement of the seizure of public offices. If their acts are invalid as to themselves, they cannot be adjudged compensation from the public for these acts.

Judgment affirmed.

NUNN, J., dissents from so much of the opinion as holds Eubank not entitled to pay from April to October, 1905, when there was no other claimant to the office.