(July 5, 1923.)

## W. L. GREEN, Appellant, v. W. H. SMITH et al., Respondents.

[217 Pac. 604.]

PLEADINGS — AMENDMENT — DEFENSES — ELECTION — EVIDENCE — OB-
JECTION NO DEFENSE STATED—VERDICT—MOTION TO DIRECT—AP-
PEAL AND ERROR—DETERMINATION OF CAUSE—AFFIRMANCE.

1. It is not error at the beginning of a trial to permit an amendment otherwise proper, when the adverse party is offered a continuance if surprised and no surprise or prejudice is claimed and he elects to proceed with the trial.

2. *Held:* Defenses not inconsistent, and not error to refuse to compel defendants to elect.

3. *Held:* Motion to direct verdict in favor of plaintiff properly denied.

4. Where two affirmative defenses are set up and jury returns a verdict in favor of defendant, if it appears from the uncontradicted testimony in the record, and without any conflict in the evidence that the defendant is entitled to prevail upon one of such defenses, the judgment of the lower court will be affirmed, and it becomes immaterial as to what proceedings were had with respect to the other defenses.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action on two promissory notes. From a judgment for defendants, plaintiff appeals. *Affirmed.*

Budge & Merrill, for Appellant.

The court erred in denying plaintiff's motion to compel the defendants to elect upon which of the two inconsistent defenses set out in their answer, as amended, they would rely. (*Harshbarger v. Eby,* 28 Ida. 753, Ann. Cas. 1917C, 753, 154 Pac. 619; *Murphy v. Russell & Co.,* 8 Ida. 133, 67 Pac. 421; *Shirk v. Neble,* 156 Ind. 56, 59 N. E. 281; *Wheelack v. Barney,* 27 Ind. 463; *Wilson v. Town of Montecello,* 85 Ind. 10.)

The court erred in overruling plaintiff's objection to the introduction of any evidence under the so-called affirmative defense pleaded in the answer. (*Remy, Schmidt & Pleissinger v. Healty,* 161 Mich. 266, 126 N. W. 202; *Kemmerer v. Pollard,* 15 Ida. 34, 96 Pac. 206.)

The court erred in denying plaintiff's motion for a directed verdict.

A written contract carries with it the presumption of a consideration and the burden of showing want of consideration is on him who seeks to avoid it. (*In re Thompson's Estate,* 165 Cal. 290, 131 Pac. 1045; *Garden v. Watson,* 170 Cal. 570, 150 Pac. 994; *Cuthill v. Peabody,* 19 Cal. App. 304, 125 Pac. 926; *Shelton v. St. Louis & S. F. R. Co.,* 131 Mo. App. 560, 110 S. W. 627; C. S., secs. 5663, 5664; *Gauld v. Gunn,* 161 Iowa, 165, 140 N. W. 380.)

Peterson & Coffin and Chas. H. Darling, for Respondents.

The trial court did not err in permitting the defendants to amend their answer. (*Idaho Placer Mining Co. v. Green,* 14 Ida. 294, 94 Pac. 161; *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461; *Lowe v. Long,* 5 Ida. 122, 47 Pac. 93.)

The court did not err in denying plaintiff's motion to compel the defendants to elect upon which of the defenses set out in their answer, as amended, they would rely. (13 C. J. 367, 368; *Sere v. Darby,* 118 La. 619, 43 So. 255.)

The court did not err in overruling plaintiff's objection to the introduction of evidence under defendant's amended answer. (*Wells v. Gress,* 118 Ga. 566, 45 S. E. 418; *Patrick v. Clough,* 37 Vt. 421.)

The trial court did not err in denying plaintiff's motion for a directed verdict. (*Tipswood v. Potter,* 31 Ida. 509, 6 A. L. R. 527, 174 Pac. 133; *Powder Valley State Bank v. Hudleson,* 74 Or. 191, 144 Pac. 494.)

TERRELL, Dist. Judge.—The appellants in the court below sued on two promissory notes, one for $600, dated January 2, 1918, due three months after date, and one for $1,400, bearing the same date due six months after date,

each of said notes being set up as a separate cause of action and containing the usual allegations pertaining to a suit on a promissory note.

The respondents in the court below in their original answer to each of appellant's causes of action admit the execution and delivery of the notes but deny liability thereon, and on information and belief deny that the plaintiff is the owner and holder thereof. The respondents in paragraph one of their original answer to each of appellant's causes of action, and as an affirmative defense to each cause of action, set up the following: "and further answering said first cause of action and as an affirmative defense thereto these defendants allege that the note set forth in said first cause of action was given as a part of a contract between the parties hereto, a copy of which said contract is hereto attached marked exhibit 'A,' and by reference made a part hereof; that said contract has never been performed in any manner by either of the parties hereto, or by any of the parties to said contract, that the only consideration for the promissory note set forth in plaintiff's first cause of action was the consideration expressed in said contract, and that by reason of the fact that said contract itself has been breached by both parties hereto that there is not now due and owing from these defendants to the plaintiff any sum whatever."

The same affirmative defense was likewise set up to appellant's second cause of action.

On May 23, 1921, the day of the trial, counsel for respondents filed a motion wherein they moved for leave to amend by adding a paragraph four to their answer to each of appellant's causes of action, a copy of the proposed amendment having been served upon counsel for appellant the previous day. On the same day, viz., May 23, 1921, before the selection of a jury said motion was called up and allowed over objection of counsel for appellant. Said amendment reads as follows:

"4. That the note set forth herein was given without consideration, and that there has been a total failure of consideration in this that the machines known as Domestic Gas

Makers as set forth in the contract, exhibit 'A' hereto attached, were defective, such defect being of a latent character known to the plaintiff herein but not known to the defendants, and that by reason of such defect it became and was impossible to market the same, and the said machines as an article of commerce and merchandise were at said time a total failure as the plaintiff well knew, and that by reason of the said facts aforesaid, no machines were ever ordered, purchased or delivered under the contract above set forth, and referred to as exhibit 'A' attached to the answer.''

Counsel for the appellant thereupon made the following motion:

''Mr. Merrill: Comes now the plaintiff and moves that the defendants be compelled to elect upon which of the two inconsistent positions taken in their answer, as amended, viz., whether they are going to rely upon the defense of want of consideration, or whether they are going to rely upon the defense of a failure of consideration, and in the event that they fail to make an election that the court proceed to strike out from their answer, as amended, all matters and things respecting the second inconsistent and attempted defense, viz.: those matters referring to a failure of consideration.''

This motion was by the court denied.

After the selection of the jury and the submission of appellant's case, and at the beginning of respondents' case, appellant made the following objection:

''Mr. Merrill: May it please the court, we object to the introduction of any evidence under their so-called affirmative defense in this case, upon the ground and for the reason that there is no substantial or any defense whatever to these promissory notes pleaded; that any purported defense herein is sham and frivolous,'' which objection was by the court overruled.

During the submission of proof by respondents certain evidence went in over appellant's objection which is assigned as error by appellant, and at the conclusion of the testimony of the respondents appellant moved for a directed verdict which was by the court denied; and at the conclusion of all

evidence taken in the case appellant renewed his motion for a directed verdict, and also his motion to require the defendants to elect, both of which motions were by the court denied.

The jury returned a verdict for the defendants upon which judgment was duly entered, from which judgment plaintiff appeals. Appellant makes the following assignment of errors:

1. The court erred in permitting the defendants to amend their answer at the time of the trial.

2. The court erred in denying plaintiff's motion to compel the defendants to elect upon which of the two inconsistent defenses set out in their answer, as amended, they would rely.

3. The court erred in overruling plaintiff's objection to the introduction of any evidence under the so-called affirmative defense pleaded in the answer.

4. The court erred in denying plaintiff's motion for a directed verdict.

5. The court erred in permitting W. H. Smith to testify as to what Mr. Green said in respect to the burners at the time the contract was made.

6. The court erred in permitting the witness J. W. Smith to testify as to what was said by the plaintiff at the time of the signing of the notes in question with respect to this appliance.

7. The court erred in admitting the testimony of witness W. H. Smith to the effect that plaintiff stated at the time contract was entered into that they (defendants) would have the services of a certain Mr. Cook in case something happened.

With reference to appellant's first assignment of errors as to the amendment to respondents' answer, the record discloses the following:

"Mr. Coffin: Before we examine the jury we might call up that amendment.

"The Court: Have you any objection?

"Mr. Merrill: To which motion the plaintiff objects upon the ground and for the reason that it contains entirely new matter of which we have had no information or advice that they were going to attempt to interject into this case."

After argument upon the motion the following transpired:

"The Court: You may let the record show that permission is given the defendants to amend their answer as proposed in their motion, and the plaintiff, if he deems it best, may take such time to answer the amendment, or if he is taken by surprise, the cause may be continued for the term. Now, do you desire to proceed, Mr. Merrill?

"Mr. Merrill: Yes, your Honor. I desire to make some motions at this time."

It appears that counsel elected to proceed rather than to have a continuance of the case, and it does not appear that counsel for appellant was in effect compelled to proceed or stand the cost of appearing for trial, for it is possible if he had elected to take a continuance and so requested that the court might have imposed such terms as would protect appellant in this regard.

We think, therefore, that in view of the fact that counsel for appellant elected to proceed with the trial after being offered a continuance, and not having suggested any reasons to the court for such election, and the matter of allowing or disallowing the amendment being within the sound discretion of the court, the court did not abuse its discretion in permitting said amendment.

It seems manifest to this court that there was a misconception on the part of counsel for both parties in this action as to the nature of the defenses set up to appellant's complaint, and that when a proper construction is placed upon these defenses and the proof applied to a correct construction of them, the other assignments of error by appellant will appear untenable.

After counsel for appellant had made his motion to elect, hereinbefore set out, the following transpired, as appears from the record:

"The Court: (Addressing counsel for appellant.) As I understand it, you maintain that paragraph one of the first and second causes alleges in effect a want of consideration, while paragraph four of the amendment alleges a failure of consideration?

"Mr. Merrill: Yes."

We think it is quite true that the amendment to the answer sets up the defense of failure of consideration, but we are not able to construe the language of the first affirmative defense as set forth in paragraph one of the original answer as constituting the defense of want of consideration. On the contrary, the language of the first affirmative defense starts out by saying that the note was given as part of a contract between the parties, and refers to the contract which is attached to the answer and is made a part of this affirmative defense. The respondents then further allege that the contract, so made a part, has never been performed in any manner by any of the parties to the contract; that it has been breached by both parties thereto, and that there is not due and owing any sum whatever from the respondent to the appellant. The only place where the word "consideration" is mentioned in this affirmative defense is one clause in which it is alleged that the only consideration for the promissory note was the consideration expressed in the contract, but nowhere in this affirmative defense is it alleged that there was either a want or a failure of consideration. As we construe this affirmative defense it is a plea, or defense, of a discharge or a release of the note by reason of an agreement entered into between the parties of which the note forms but a part. In other words, the pleadings bring into the case the agreement to be construed in connection with the note for the purpose of determining whether there is any liability on the note. What is said here with reference to one note which forms the basis of one cause of action, of course likewise applies to the other note forming the basis of the second cause of action.

The contract which is thus brought into the case by this affirmative defense reads as follows:

"General Manager's Contract.

"This contract, made and entered into this 2d day of January, 1917, by and between W. L. Green of Salt Lake City, Utah, party of the first part, and Smith Bros., namely W. H. Smith, J. W. Smith and Wm. Smith, City of ——, County of ——, State of ——, party of the second part, Witnesseth:

"Whereas, the said first party is the sole owner and distributor in Idaho of the Domestic Maker and appliances; that the said party of the first part is desirous of promoting the sale of said Domestic Maker and appliances, and of securing the services of an energetic person who will push the sale of same in territory hereinafter specified, and whereas, the party of the second part has tested and examined the Domestic Maker prior to signing this agreement and is thoroughly satisfied therewith, and is desirous of securing the sale of said Domestic Gas Maker and appliances in the territory hereinafter mentioned the parties hereto have agreed as follows, to-wit:

"First, that the said first party shall furnish said second party as many of the said Domestic Gas Maker outfits as desired at the following prices, so long as the terms of this contract are complied with:

"At $8 without tanks. Prices subject to change without notice due to labor conditions and cost of materials. The above prices are F. O. B. factory. Terms $2 cash deposit herewith on each Domestic Gas Maker outfit contracted for; balance $6 each, cash with order.

"Second, that for and in consideration of the covenants and agreements hereinafter named and entered into by said second party and for a valuable consideration, and the agreement to purchase 1000 Domestic Gas Maker outfits at the above named prices and terms, to be ordered and delivered as provided herein, and a cash payment of $2 each to them in hand paid by said second party, which sum of $2000 is to be applied as payment on the above mentioned outfits

at the rate of $2 each, and the said party of the first part agrees and does hereby grant to the said party of the second part, the sole and exclusive sale of Domestic Gas Maker outfits and appliances for this company in the following territory and no other: the following twenty counties in Idaho as per attached list.

"Third, the said party of the first part agrees to forward all orders for Domestic Gas appliances received by it from the above named territory to the second party during the life of this contract. It shall be a breach of this contract for the party of the second part to knowingly sell Domestic Gas appliances in territory not specified herein,

"Fourth, In consideration of the above mentioned promises and agreements made and entered into by the said party of the first part, the said party of the second part on his part agrees as follows, namely:

"1. To take —— Domestic Gas outfits for immediate shipment.

"2. In consideration of the fact that the territory hereby assigned in is a valuable asset to said first party, the said party of the second part agrees to order and pay a balance due on —— Domestic Gas outfits one year hereafter in order to continue this contract in force.

"3. The said party of the first part shall fill all orders for Domestic Gas Maker outfits and appliances within thirty days time after receipt of order, but is not to be responsible for providential causes of delay such as strikes or inability to procure material.

"4. That failure to comply with any of the requirements of this contract by said second party shall *ipso facto* annul and revoke same, without recourse on either party against the other, and all rights and liability of either party shall cease and terminate.

"5. That no other agreement, representation or warranty of any kind is to be considered as being a part of this contract or in any way binding on either party, except as ap-

pears herein.  It is further understood that this instrument
is not a transfer of patent right or territory whatsoever.

"W. L. GREEN.

"W. L. GREEN          (Seal)

"Party of the First Part.

"SMITH BROS.          (Seal)

"By W. H. SMITH.      (Seal)

"Party of the Second Part."

The notes sued upon are dated January 2, 1918, and the
contract is dated January 2, 1917.  It appears, however,
without contradiction that this was a mistake in so far as
the contract was concerned, and that the date of the con-
tract should have been January 2, 1918.  Oral testimony
being permissible to show the correct date of the written
instrument and there being no dispute upon this point, we
may assume that the contract should have borne the date of
January 2, 1918, the same as the notes.  The undisputed
testimony is further to the effect that the notes in question
and the contract were executed contemporaneously.  The
undisputed testimony in the record is to the further effect
that the $2,000 mentioned in the contract to be paid by the
respondents, which was a $2 deposit each on one thousand
Domestic Gas Makers, was not paid in cash as recited in
the contract, but that the notes in question amounting to
$2,000 were given in lieu of the cash.  Such proof was per-
missible to show the true consideration irrespective of the
recital in the contract, such proof constituting a well-
recognized exception to the parol evidence rule.

With these observations it remains to examine the terms
of the contract, the execution of which is admitted, with a
view to determining whether or not there is anything in the
contract which by its terms would discharge or release the
respondents from liability on the notes.  The next to the
last paragraph of said contract reads as follows: "4. That
failure to comply with any of the requirements of this con-
tract by said second party (second parties being respond-
ents) shall *ipso facto* annul and revoke same, without re-
course on either party against the other, and all rights and
liability of either party shall cease and terminate."

The uncontradicted evidence in the record not only shows that the second party, the respondents, failed to comply with some requirement of the contract but that they failed to comply with several different provisions of the contract, for instance, they never did order any gas makers from the appellant, according to the undisputed record, within the year provided in the contract, nor did they ever do so. It therefore seems apparent that it was optional on the part of respondents to avoid liability on the contract by simply failing to comply with any of its requirements.

The record, therefore, showing without dispute that the respondents failed to comply with the contract, which automatically relieved them of any liability thereunder, they would necessarily also be relieved of any liability on the notes taken in lieu of cash payments provided in said contract executed contemporaneously therewith. Under such a state of proof we think respondents would have been entitled to a directed verdict in their favor had they moved for it.

In the case of *Southwest Nat. Bank of Kansas City v. Baker et al.,* 23 Ida. 428, 130 Pac. 799, this court had before it an appeal wherein the appellant was suing on a promissory note as the holder in due course. The jury returned a verdict in favor of the defendants. The court not only held that the evidence did not support the verdict of the jury, but also that the plaintiff, who had failed in the court below, was a holder in due course of the note sued upon, and then made this further observation: "This being true, we think it is unnecessary to review the other errors assigned and discussed in the brief of counsel, and that a new trial could be of no service to the defendants in this action. The judgment therefore is reversed, and judgment is directed to be entered in favor of the plaintiff, in accordance with this opinion."

It was apparent to the court in this case that if the cause was remanded for a new trial there could be properly but one result, and that would be a judgment in favor of the plaintiff and that further litigation should not be necessary in order to attain this result.

In the case of *Gorman v. Commissioners of Boise County,* 1 Ida. 655, the court held as follows: "When the appellate court is in the possession of all rights of the parties and can render full and complete justice, it will not remand the case for further litigation."

If, therefore, the respondents in the case at bar were entitled as a matter of law to prevail in this action, and if it appears, as it does appear from this record, that if the cause were remanded for a new trial the respondents must of necessity prevail by reason of the pleadings and proof as to one defense, it becomes immaterial as to what proceedings were had with respect to another affirmative defense that was relied upon.

In view of our interpretation of the affirmative defenses of the respondents hereinbefore referred to, it is apparent that they were not inconsistent and that the lower court did not err in refusing to require the defendants to elect. It will likewise be manifest that the court did not err in overruling plaintiff's objection to the introduction of any evidence in support of the affirmative defenses of respondents, and in denying appellant's motion for a directed verdict.

From what has heretofore been said, it becomes unnecessary to pass upon the fifth, sixth and seventh assignments of error, as they relate wholly to the second affirmative defense of failure of consideration, if, as a matter of fact, they relate to any defense at all.

The judgment of the lower court is affirmed, with costs to respondents.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.