[Nos. 3313, 3321.   Mar. 30, 1928.]

STATE ex rel. BACA v. OTERO, State Auditor.

[267 Pac. 68.]

Renehan & Gilbert, of Santa Fe, for relator Otero.

A. M. Edwards, of Santa Fe, for respondent Baca.

OPINION OF THE COURT

PARKER, C. J.   Both parties to the original action having appealed from the judgment, and, the two appeals being consolidated for review in this court, we will, for convenience, refer to the parties as relator and respondent.

This is a mandamus proceeding instituted by relator, R. L. Baca, to compel respondent, M. A. Otero, Jr., auditor of the state of New Mexico, to issue warrants in payment of two vouchers presented by relator.

At all times since January 1, 1927, relator has been a qualified and acting member of the Legislature of the state of New Mexico. From July 2, 1927, to August 20, 1927, relator was in possession of the office and performed the duties of "assistant superintendent of public instruction of the state of New Mexico," under an appointment of the state superintendent of public instruction, and during such time advanced and expended $329.-36 of his personal funds in defraying his expenses while performing the duties of said office.

From September 1, 1927, to September 15, 1927, inclusive, relator performed the duties of rural supervisor of schools under appointment of the state superintendent of public instruction at an agreed salary of $6.66 per diem, and during said time advanced and expended $31 of his personal funds in defraying his expenses while performing such duties. It, however, has been stipulated by the parties that there is no such *office* as "rural school supervisor" created by law.

Relator presented to respondent two vouchers prepared and certified in legal form, one for $360.36 for reimbursement of moneys advanced, and one for $99.90, salary as rural supervisor of schools.

Respondent refused to honor the vouchers and issue warrants therefor upon the state treasurer, contending that such appointments were void, being in violation of section 28, art. 4, of our Constitution, which provides:

"No member of the Legislature shall, during the term for which he was elected, be appointed to any civil office in the state, nor shall he within one year thereafter be appointed to any civil office created, or the emoluments of which were increased during such term; nor shall any member of the Legislature during the term for which he was elected nor within one year thereafter, be interested directly or indirectly in any contract with the state or any municipality thereof, which was authorized by any law passed during such term."

Upon the foregoing facts the court entered a peremptory writ of mandamus directed to respondent to issue unto relator warrant for $99.90 salary of relator while acting as rural school supervisor and $31 expenses incurred by relator while acting as such rural school super-

visor, and denied the petition and discharged the alternative writ of mandamus as to the $329.36 expenses incurred by relator while assuming to act as assistant superintendent of public instruction. Both parties objected and excepted to the judgment and have filed assignments of error.

It may be stated as a general concensus of judicial opinion that a de facto officer may not recover the fees, emoluments, and expenses of the office. The conclusion is based upon the consideration that the right to the fees and emoluments arises out of the title to the office, which is directly put in issue in an action for such fees and emoluments, and, unless such title can be shown, no recovery can be had. Constanineau on De Facto Doctrine, § 236; 22 R. C. L., "Public Officers," § 321; Mechem on Public Officers, § 331.

There is a departure from this general doctrine in a few of the states. Thus in Alabama, Missouri, New Jersey, Colorado, and Idaho, and perhaps some other states, it is held that a de facto officer, having prima facie title to an office, is entitled to its emoluments and may enforce the payment thereof by legal proceedings. See Reynolds v. McWilliams, 49 Ala. 552; State ex rel. Simmons v. John, 81 Mo. 13; State ex rel. Vail v. Clark, 52 Mo. 508; State ex rel. Vail v. Draper, 48 Mo. 213; Ervin v. Jersey City, 60 N. J. Law, 141, 37 A. 732, 64 Am. St. Rep. 584; Henderson v. Glynn, 2 Colo. App. 303, 30 P. 265; Gorman v. Commissioners of Boise County, 1 Idaho, 655.

It is unnecessary, however, in this case to take the advanced ground assumed in the foregoing cases, which we take to lay down the doctrine that a de facto officer may recover for the services rendered by him regardless of whether there is a contesting de jure officer or not. In this case there is no de jure officer, none having been appointed. In such case there is a line of well-considered cases holding that a de facto officer is entitled to recovery. See Eubank v. Montgomery County, 127 Ky. 261, 105 S. W. 418, 128 Am. St. Rep. 340, 16 Ann. Cas. 483, and

note; Peterson v. Benson, 38 Utah, 286, 112 P. 801, 32 L. R. A. (N. S.) 949, Ann. Cas. 1913B, 640, and note; Behan v. Davis, 3 Ariz. 399; 31 P. 521; Adams v. Insane Asylum, 4 Ariz. 327, 40 P. 185; Constanineau on De Facto Doctrine, § 238; R. C. L., "Public Officers," § 321.

We are inclined to follow this doctrine in this case. It is to be remembered that relator appears with an appointment, regular on its face, emanating from the proper authority, and apparently valid. The invalidity of the appointment is made to appear by reason of the collateral fact that he is a member of the Legislature, and as such is ineligible to hold the office. His appointment is entirely regular and legal, but for this ineligibility. Counsel on both sides agree that relator, before taking the office, took legal advice and was assured that he was eligible to hold the office. The services have been rendered and the expense incurred, and the state has received the benefit of the same, and no de jure officer is claiming to be injured, there never having been any de jure officer appointed. Under such circumstances it would be inequitable and unjust to allow the state to accept the benefits of the service and refuse to pay for the same. We therefore hold that mandamus should have been awarded for the allowance of relator's claim for expenses incurred as such officer.

There is a line of cases holding that in a mandamus proceeding such as this the question of the eligibility or qualification of an officer having an apparent right to the office cannot be litigated. See State ex rel. v. Gordon, 236 Mo. 142-159, 139 S. W. 403; In re Turner v. Melony, Comptroller, 13 Cal. 622. In this case, however, it is unnecessary for us to express any opinion upon this proposition, the case being disposed of by other considerations.

The second question is in regard to the salary and expenses of relator while acting as rural school supervisor. It is stipulated by the parties that there is no such office as rural school supervisor. If the position is not an office, then it must be an employment. Respond-

ent argues that an employment is based upon a contract, and that the only authority to employ any person to perform such duties rests in the general appropriation bill passed by the Legislature in 1927, and that inasmuch as relator was a member of that Legislature he was precluded from entering into such contract by the constitutional provision above quoted. In this position counsel for respondent are in error. The contract of employment was not authorized by the appropriation bill of the 1927 Legislature, of which relator was a member, but was authorized by Laws 1923, c. 148, § 201, subsec. (a), which gives to the superintendent of public instruction the power to supervise all municipal and rural schools and authorities thereof. Relator was therefore entitled to enter into this contract of employment, and is entitled to receive his compensation and expenses incurred in the administration of the same.

It follows from all of the foregoing that the judgment of the district court is erroneous and should be reversed, and the cause remanded, with directions to issue a peremptory writ of mandamus as prayed for in the petition, and it is so ordered.

BICKLEY and WATSON, JJ., concur.