7929

### ELLEDGE v. WHARTON.

MANDAMUS—OFFICERS.—Under the act creating the office of rural police for Greenwood county an appointment by the governor on the recommendation of one member of the legislative delegation is not good. One so appointed and commissioned by the governor and performing the duties of the office, none other claiming, is entitled to have his salary paid by mandamus proceedings.

Petition in the original jurisdiction of this Court by L. C. Elledge and R. L. Golden for writ of mandamus against J. B. Wharton, foreman of the grand jury; T. C. Burnett, supervisor; G. B. Riley and George Dorn, county board of commissioners, and F. Graham Payne, treasurer, of Greenwood county.

June 14, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The petitioners, claiming to be rural policemen duly commissioned by the Governor and qualified under the Rural Police Act of February 18, 1911, seek by mandamus to compel respondents to pay the salary $166.66, alleged to be due each for the two months ending May 7, 1911. By their return respondents deny that petitioners had been duly appointed and commissioned, in that they were appointed by the Governor without the recommendation of the legislative delegation of Greenwood county, as required by the act.

It appears that the act was approved Saturday night, February 18, 1911, the last day of the legislative session, and that the Governor on the same night appointed petitioners as rural policemen upon the recommendation alone of Hon. D. H. Magill, one of the Greenwood delegation. It is stated by the affidavit of Senator C. A. C. Waller and Representatives W. H. Nicholson and J. W. Bowers, the other members of the Greenwood delegation, that the

8—89

appointments were made without their recommendation, before they had knowledge of the approval of the act or opportunity to recommend.

Section 1 of the "Act to provide for the establishment and maintenance of a rural police system in Greenwood county," approved February 18, 1911, provides: "That upon the approval of the act it shall be the duty of the Governor, upon the recommendation of the legislative delegation of Greenwood county, to appoint three able-bodied men of the county of Greenwood * * * and shall commission them as county policemen for a term of four years," etc.

Appointment to office not being inherently an executive prerogative, it is competent for the legislature, in conferring the power of appointment, to attach such limitations and conditions to its exercise as may be deemed proper. The statute expressly provides that the appointment of rural policemen for Greenwood county shall be upon the recommendation of the legislative delegation of Greenwood county. No such recommendation having been made, the appointment was made without authority, and the petitioners cannot be held to be officers *de jure.*

The petitioners, however, were commissioned by the Governor on the recommendation of a member of the Greenwood delegation, have taken the oath of office, have given bond for the faithful performance of duty have incurred expense of $350 each in providing the equipment required by the act, and have in good faith discharged the duties of rural police. Having acted in good faith, under color of title to the office, they are officers *de facto.*

The general rule is that an officer *de facto* cannot sustain an action to recover the fees or salary attached to the office, and this rule is usually enforced when there is another who has the right to the emoluments. 29 Cyc. 1393; Mechem on Public Officers, sec. 331. In *Dolan* v. *Mayor,* 68 N. Y. 274, 23 Am. Rep. 168, it is declared to be the settled law

of New York "that the right to the salary and emoluments of a public officer attach to the true and not to the mere colorable title, and in an action brought by a person claiming to be a public officer for the fees or compensation given by law, his title to the office is an issue, and if that is defective and another has the real right, although not in possession, the plaintiff cannot recover." "The principle is that the right follows the true title, and the Courts will not aid the intruder by permitting him to recover the compensation which rightfully belongs to another."

In the present case, however, there is no other person claiming or having a right to claim the salary in question.

In *Kottman* v. *Ayer,* 3 Strobh. 95, the Court uses this language: "To entitle one to claim the emoluments of an office or the privileges conferred by it, he must show, if his right be questioned, that he is the officer *de jure,* as in the case of *Allen* v. *McNeill,* 1 Mill 459, where one claimed prize money as an officer, it was held he ought to prove himself such; his having acted would not be sufficient where his being an officer is the very gist of his action." In the case of *Allen* v. *McNeill, supra,* the claimant produced no commission or other competent evidence of his appointment, and there was evidence that another person was really the officer and that the money had been paid to him.

In the case at bar the claimants produced the commissions of the Governor, which were *prima facie* evidence of appointment, and until now have not been declared invalid.

In the case of *Eubank* v. *Montgomery County,* 105 S. W. 418, the Supreme Court of Kentucky, not unanimously, however, denied the right of a *de facto* officer to the emoluments of the office without regard to whether there was another entitled to and claiming the office; but in *Behan* v. *Prison Commissioners,* 31 Pac. 521, and *Adams* v. *Insane Asylum,* 40 Pac. 185, the Supreme Court of Arizona held that a *de facto* officer was entitled to the emoluments of the

office of which he was the incumbent when there was no *de jure* officer. In a case where no *de jure* officer was acting, the Supreme Court of New Jersey held that one who became a public officer *de facto* without dishonesty or fraud, and who has performed the duties of the office, may recover the compensation fixed by law for such services. *Erwin* v. *Jersey City,* 60 N. J. L. 141.

The petitioners are not usurpers of office by force or fraud, and have in good faith, with *prima facie* evidence of right, performed the duties of the office. We think it not only just but consonant with sound law to hold them entitled to the salary claimed. The statute provided for each policeman an annual salary of $1,000, payable in monthly installments upon the order of the foreman of the grand jury and the warrant of the county commissioners on the treasurer of Greenwood county, and the services for which compensation is sought were for the two months ending May 7, 1911. The only matter of defense submitted to the Court was the right of petitioners to the compensation claimed, all other issues originally raised by the return being waived.

The judgment of this Court is that respondent, J. B. Wharton, foreman of the grand jury, forthwith issue the necessary order that respondents, T. C. Burnett, supervisor, and G. B. Riley and George Dorn, constituting the board of county commissioners, draw their warrant on the county treasurer in favor of each petitioner for $166.66, and that respondent, F. Graham Payne, county treasurer, pay said warrants.