## 9248

### LITTLE v. WILLIMON.

#### (87 S. E. 435.)

COUNTY BONDS. CONSTITUTIONAL LAW. OFFICERS. DEPARTMENTS OF GOVERNMENT.

1. COUNTY BONDS—VALIDITY.—Acts of March 6, 1915, 29 Stats. 491; of February 26, 1915, 29 Stats. 553, creating a highway commission and providing for the issue of county bonds, *held,* constitutional and valid under principles announced in *Lillard* v. *Melton,* 103 S. C. 10, 87 S. E. 421.

2. CONSTITUTIONAL LAW—OFFICERS.—A statute requiring the appointment and removal of officers by the Governor, upon the recommendation of members of the General Assembly, does not violate the constitutional provision that the three departments of government shall be separate and distinct.

3. CONSTITUTIONAL LAW—DISTRIBUTION OF POWERS.—The supervision of public work is not an inherent function of the executive department, and the legislature may have such work done by or through such agencies as it sees fit.

Before Hon. M. F. Ansel, special Judge, Greenville, June, 1915. Affirmed.

Action for injunction in which plaintiff seeks to have defendants enjoined from issuing certain bonds, and from selling and disposing of the same, or from performing duties incident to the issue of said bonds, and specified in two acts of the General Assembly passed at the session of 1915; one being entitled "An act to establish a highway commission

for Greenville county and define its duties;" the other being
entitled "An act to authorize and empower the supervisor of
Greenville county to issue coupon bonds of said county in
the sum of $950,000 for the purpose of permanent road
improvements in said county and to provide for automobile
licenses and a property tax to pay the same." The suit was
instituted by service of summons and complaint on defend-
ants on June 21, 1915.

At the time of institution of suit defendants were served
with an order issued by his Honor, Judge M. F. Ansel,
special Judge, presiding in the Court of Common Pleas for
Greenville county, to show cause before him why a tempo-
rary injunction should not be granted, pending hearing of
the cause. In response to this order the defendants made
their return on June 25, 1915, accompanied by certain state-
ments hereinafter referred to, and the application for an
injunction was heard then on the complaint and return with
accompanying exhibits.

After argument by counsel for both sides, his Honor,
Judge Ansel, passed an order refusing to grant the tempo-
rary injunction and holding the acts under which defend-
ants were seeking to act valid and constitutional.

From this order the plaintiff appeals.

*Messrs. O. K. Mauldin* and *Lewis W. Parker,* for appel-
lant, submit: *Bonded indebtedness against county, except by
a vote of the electors:* 1 Dillon Munc. Corp., p. 162; Const.,
art. I, secs. 1 and 5; 42 S. C. 304; 2 Speer 644; 53 S. C. 28;
30 S. C. 604. *Rights of individuals protected:* Const., art.
XVII, sec. 11, par. 3; 7 How. Pr. 124; 111 S. W. 908; 83
S. C. 88, questioned. *Has the legislature the right to dictate
to county officers their action in the matter of local affairs,
such as the maintenance of roads, and can the legislature
divest county authorities of the right to determine without
its direction the character of improvements to be made in
the roads and the expenditure therefor?* 1 Dillon Mun. Corp.,

p. 162; 21 N. E. 278; Cooley Const. Lim. (5th ed.) 208; Const., art. I, sec. 29; art. X, sec. 6; Black Interpretation of Laws, p. 541; 50 S. E. 295; 51 N. Y. 401; 4 Wall. 446. *A county is a body politic and corporate:* Const., art. VII, sec. 9; Civil Code, secs. 587, 937; 6 S. C. 42; 30 S. C. 20; 61 S. C. 213; 24 Mich. 44; 9 Am. Rep. 103; 22 A. & E. Ann. Cas. 1063; 51 Ill. 17. *Has the legislature assumed executive and administrative powers or conferred the same upon the legislative delegation from Greenville county? If so, are such actions of a character to render the statutes in question unconstitutional?* 21 N. E. 252, 267 and 275; 15 Md. 455; 53 Conn. 76; 3 J. J. Marsh 401; 20 Ct. Cl. Rep. 438; 116 U. S. 483; 68 N. C. 429. *What is included in bonded indebtedness?* 1 A. & L. Dict. 141; Harper's L. 434; 4 A. & E. Enc. of L. 620; 2 N. & McC. 126; 60 S. C. 555; 14 S. E. 279; 92 S. C. 94. *Construction of amendment to Constitution with reference to limit of bonded indebtedness:* 1 Cooley Const. Lim. 217; Endlich Inter. Stats., sec. 223; 36 Cyc. 1088; 1 Dillon Mun. Corp., sec. 235; 8 S. C. 207; 68 S. C. 415. *Not retroactive:* 34 S. C. 468; 22 S. C. 504; 11 S. C. 328; 13 Rich. 280; 9 S. C. 293; 55 S. C. 302.

*Messrs. Oscar Hodges* and *Haynsworth & Haynsworth.* for respondents, submit: *Temporary notes not part of bonded indebtedness:* 73 S. C. 94; 5 S. C. 156; 63 S. C. 438; Civil Code, secs. 1001; 127 S. W. 1072; 34 Atl. 916; 68 S. E. 118; 197 Pa. 41; 46 Atl. 1035; 80 Am. St. Rep. 812. *Only the amount in excess of the limitation invalid:* 50 N. E. 81; 32 So. 42; 47 Mich. 226; 10 N. W. 349; 127 Ill. 30; 18 N. E. 781; 43 Iowa 48; 22 Am. Rep. 115; 20 A. & E Enc. L. (2d ed.) 1173; 10 L. R. A. (N. S.) 110; 117 U. S. 657; 21 A. & E. Enc. of L. (2d ed.) 82; 114 Fed. 162; 52 C. C. A. 118; 78 Tex. 450; 14 S. W. 1003; 54 Fed. 487; 4 C. C. A. 460; 164 U. S. 599; 97 N. W. 1049, 1052; 150 U. S. 182, distinguished; 117 U. S. 635; 164 U. S. 599; 198 Fed. 557; 212 Fed. 4. *Amendment of Constitution excludes*

*the bonds mentioned from limitation:* 62 S. C. 57; 72 S. C. 532; 91 S. C. 413. *As to whether the acts authorizing the highway bonds and creating the highway commission are violative of the letter of the spirit of the Constitution* (a) *in that they create a commission with supervisory control over the county authorities interfering with local self-government;* (b) *in that they authorize the issue of bonds without submitting the question to a vote of the electors,* and (c) *whether the case of Carrison v. Kershaw, 83 S. C. 88, should be overruled:* 13 S. C. 300; 62 S. C. 29; 21 S. C. 414; 48 L. R. A. 465; 170 U. S. 310, 370; 169 U. S. 557; 13 Mich. 481; 92 U. S. 312; 91 U. S. 540; 132 Am. St. Rep. 196; 59 Am. Dec. 759; Cooley Const. Lim. (7th ed.) 239, 240.

December 17, 1915.

PER CURIAM. The principles anounced in *Lillard* v. *Melton,* 103 S. C. 10, 87 S. E. 421, are conclusive of all questions presented in this case, except one: That the act creating the highway commission for Greenville county (29 Stat. 491) violates the provision of the Constitution (art. I, sec. 14), that the three departments of the government shall be separate and distinct, and no persons exercising the functions of one shall assume or discharge the duties of any other.

The provisions of the act which are alleged to be in contravention of the section of the Constitution above referred to are these: 1. That the members of the commission shall be appointed and removed by the Governor, upon the recommendation of a majority of the Greenville delegation in the legislature. 2. That the commission "shall meet, confer with and report to the delegation from Greenville county every two months and from time to time as may be necessary with reference to the prosecution of said work and the discharge of their duties as herein provided."

It is contended that, in these matters, the act confers upon members of the legislature executive and administrative functions. As to the first of these contentions, learned counsel appear to have overlooked two decisions of this Court, which are conclusive of the question. *Elledge* v. *Wharton,* 89 S. C. 113, 71 S. E. 657; *State* v. *Bowden,* 92 S. C. 393, 396, 75 S. E. 393.

The second contention is equally untenable. Clearly, the supervision of public work is not an inherent function of the executive department. The legislature had the power, as held in Lillard's case, to have the work done by and through such agencies as it saw fit. *A fortiori,* it had authority to have such agencies confer. with and report to the legislature itself, or to a committee of that body, or any other agency that it might select. It chose, for that purpose, the Greenville delegation, upon the supposition, no doubt, that, being residents of the county and directly interested in the proper prosecution of the work, they would give it most care ful attention. Though it is not necessary to the validity of such a provision that its wisdom should be made to appear, it is apparent, in the possibility that such conference and report might show the necessity for additional legislation for the most successful and enonomic prosecution and completion of the work.

Judgment affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE, and CIR-CUIT JUDGES PRINCE, DEVORE, SHIPP, SEASE, RICE, BOW-MAN, MOORE and SMITH concur in the opinion of the Court. MR. JUSTICE FRASER and CIRCUIT JUDGE GARY concur in the result.

MR. CHIEF JUSTICE GARY and CIRCUIT JUDGE MAULDIN dissent.