11891

RUFF *ET AL.* v. BOULWARE, COUNTY SUPERVISOR, *ET AL.*

(131 S. E., 29)

1. CONSTITUTIONAL LAW—CONVICTS—ACT ESTABLISHING CHAIN GANG ON UNANIMOUS WRITTEN CONSENT OF LEGISLATIVE DELEGATION FROM COUNTY HELD CONSTITUTIONAL.—Act March 19, 1925 (34 Statutes

at Large, page 185), providing for establishing of chain gang in Fairfield County on unanimous written consent of legislative delegation from that County, authority for which had been previously withdrawn by Act February 24, 1921 (32 Statutes at Large, page 70), *held* not void, under Constitution, Article 3, § 1, as unconstitutional delegation of legislative power.

2. CONSTITUTIONAL LAW—ACT ESTABLISHING CHAIN GANG BY WRITTEN CONSENT OF LEGISLATIVE DELEGATION HELD CONSTITUTIONAL.—Act March 19, 1925 (34 Statutes at Large, page 185), establishing chain gang in Fairfield County under direction of Superintendent elected by Supervisors with approval of legislative delegation, Superintendent being subject to dismissal by legislative delegation, is susceptible of construction that it was intended merely to confer Supervisors' authority in connection with establishing agency of common government as to which, under Constitution, Article 7, § 11, General Assembly has power to make special provisions, and hence is not infringement of Article 1, § 14.

3. ACTION—CONTENTION THAT ACT ESTABLISHING CHAIN GANG ON WRITTEN CONSENT OF LEGISLATIVE DELEGATION WAS NOT PUT INTO EFFECT AT COMMENCEMENT OF ACTION BY FILING OF WRITTEN CONSENT UNTENABLE, WHERE CONSENT WAS FILED DAY AFTER ACTION BEGUN.—In an action to enjoin establishing chain gang, as provided by Act of General Assembly by unanimous written consent of legislative delegation from County, contention that Act had not been put into effect by filing of written consent of legislative delegation at time of commencement of action *held* untenable, where formal written consent had been filed day after action was commenced.

4. COUNTIES—CONCLUSION THAT NO PRIMA FACIE SHOWING OF RIGHT TO INJUNCTIVE RELIEF HAD BEEN MADE HELD PROPER.—Where return of County Commissioners and legislative body showed that Superintendent of chain gang, appointed under authority of Act March 19, 1925 (34 Statutes at Large, page 185), establishing chain gang, was a *de facto* officer, and as such entitled as against any claim of plaintiffs to have salary paid by County, legal conclusion that no *prima facie* showing of right to injunctive relief had been made by taxpayers was not erroneous.

Before HENRY, J., Fairfield, July, 1925.   Affirmed.

Action by D. W. Ruff and others against M. C. Boulware as County Supervisor, W. B. Kennedy and others, as County Commissioners, and A. Lee Scruggs, as Superintendent of the chain gang, to enjoin defendants from operating and maintaining a chain gang, and incurring ex-

penses on that account. From an order discharging a rule to show cause and refusing an injunction plaintiff appeals.

*Messrs. D. W. Robinson, Jr.,* and *D. W. Robinson,* for appellant, cite: *Where legislative power vested:* Const., 1895, Art. III, Sec. 1; 106 S. C., 71; 96 S. E., 321; 4 S. C., 420. *Enactment of laws:* Const., 1895, Art. III, Sec. 18; Cushing on Law and Practice of Legislative Assembly, 201. *Branches of government distinct:* Const., 1895, Art. I, Sec. 14; 102 S. C., 542; 87 S. E., 306; 54 S. C., 27; Tiffany on Gov't. and Const. Law, American Theory, 63; Stimson on Fed. & State Constitutions, 195. *Legislative power non-delegable:* 95 S. C., 110; 79 S. E., 193; 60 S. C., 7; 6 R. C. L., 164; 30 S. C., 524; 9 S. E., 686; 136 Wis., 526; 117 N. W., 1012; 128 A. S. R., 1100; 92 Wis., 63; 65 N. W., 738; 31 L. R. A., 114; 84 P., 39; 3 L. R. A. (N. S.), 879; 61 N. E., 851; 85 A. S. R., 358; 73 Atl., 560; 24 L. R. A. (N. S.), 746; 280 F., 111; 143 U. S., 693; 36 L. Ed., 310; 103 S. C., 18. *Powers delegable to administrative agency:* 260 U. S., 59; 67 L. Ed., 130; 22 A. L. R., 839; 134 N. E., 815; 12 R. C. L., 1265; 8 A. L. R., 836 and note; 293 F., 111. *Statute delegating power must be complete law:* 6 R. C. L., 165; 85 A. S. R., 358; 61 N. E., 851; Cooley's Const. Limitations, 7th Ed., 169. *Legislative discretion non-delegable:* 193 P., 845; 12 A. L. R., 1432 and note to 1437; 229 F., 662; 52 L. R. A., 287; 3 L. R. A. (N. S.), 896; 84 P., 39. *Interpretation of statute in light of contemporary practice:* 122 S. C., 170; 115 S. E., 202; 89 S. C., 80; Tiffany on Govt. and Const. Law, American Theory, 69. *Statute to be strictly followed:* 108 S. C., 382; 94 S. E., 874; 107 S. C., 193; 92 S. E., 333; 100 S. C., 467; 84 S. E., 989; 89 S. C., 114; 71 S. E., 657; 23 Am. & Eng. Enc. of Law, 2nd Ed., 346; 29 Cyc., 1372; 2 McQuillan Munc. Corp., Sec. 466; 1 McQuillan Munc. Corp., Sec. 371.

*Mr. W. D. Douglas,* for respondents, cites: *Power of Courts to sentence to labor on public works:* Const., 1895,

Art. V, Sec. 33. *Branches of government overlap:* 12 C. J., 803. *Nature of legislative power:* 12 C. J., 804. *Legislative control over municipal corporation:* 103 S. C., 26; 92 U. S., 312; 1 Dillon on Munc. Corp., Sec. 98. *Supervision of public works:* 103 S. C., 50. *Powers delegable to administrative agency:* 92 S. C., 396; 89 S. C., 114; 30 S. C., 525; 67 Minn., 379; 69 N. W., 1094; 7 L. R. A. (N. S.), 621; 6 R. C. L., Secs. 165, 167 and 168. *Appointment of officers not exclusively legislative function:* 92 S. C., 396; 89 S. C., 114; 22 R. C. L., Secs. 73 and 75. *Appointment and removal of officers:* 92 S. C., 465; 22 R. C. L., Secs. 266 and 267. *Public office defined:* 78 S. C., 174. *Action properly brought in name of State:* Code Civ. Proc., 1922, Sec. 779. *Rule to show cause improper under facts in case:* 95 S. C., 60; 66 S. C., 5; 22 R. C. L., 454. *Acts of de facto officer and subject to collateral attack:* 22 R. C. L., 603.

December 22, 1925.

The opinion of tthe Court was delivered by Mr. Justice Marion.

Action by plaintiffs, as resident taxpayers of the County of Fairfield, to enjoin the defendants, as County Supervisor, County Commissioners, and Superintendent of the chain gang, from further attempting to operate or maintain a chain gang, and from incurring expenses on that account, etc. From an order of his Honor, J. K. Henry, Circuit Judge, discharging a rule to show cause and refusing an injunction, this appeal is taken.

The right to the injunctive relief sought is predicated upon the grounds (1) that the Act of the General Assembly, approved March 19, 1925 (34 St. at Large, p. 185), under which the defendants are attempting to maintain and operate a chain gang, is unconstitutional, and (2) that, even if the act is valid, there has been no such compliance with its terms as would entitle the defendants to establish the

said chain gang and incur expenses for its maintenance and operation.

The provisions of the Act, in so far as pertinent to the questions raised, are, in substance, as follows:

(1) That a county chain gang shall be established in Fairfield County "upon the unanimous written consent of the Legislative Delegation" from that County, "to be filed with the board of County Commissioners."

(2) That, "when created," the chain gang shall be under the direction of a superintendent to be elected by the County Board of Commissioners, and the County Supervisor, "together with the approval of the * * * Legislative Delegation," and that such superintendent shall be subject to dismissal, without notice, by the Legislative Delegation.

(3) That guards shall also "be elected by the County Board of Commissioners and the County Supervisor, with the approval of the Legislative Delegation."

(4) That "all equipment, supplies," etc., purchased by the superintendent of the gang "shall be purchased only by and with the consent and approval of the County Legislative Delegation and the Board of County Commissioners."

Appellants' exceptions, directed to the contention that the Act is unconstitutional, as we understand them, make the two points:

(1) That the statute is, in effect, a delegation of the legislative power of the State, in contravention of Section 1, Art. 3, of the Constitution, in that it is not in itself a definite and final exercise of the legislative power vested in the General Assembly, but undertakes to make a law dependent upon the arbitrary consent of the Legislative Delegation, without laying down any "rule by which, or event upon which, the legislative delegation is to exercise its consent."

(2) That the Act undertakes to confer upon persons "exercising the functions" of the Legislative Department of Government the power to "assume" and "discharge the

duties of" the Executive Department of the Government, in contravention of Section 14, Art. 1, of the Constitution, in that "it attempts to combine and mingle legislative, executive, and ministerial duties," and to make the members of the Legislative Delegation executive "officers of the County of Fairfield."

As to the first of the foregoing contentions, we are clearly of the opinion that the Act may not soundly be declared null and void as an unconstitutional delegation of legislative power.

"Where an Act is clothed with all the forms of law, and is complete in and of itself, it is fairly within the scope of the legislative power to prescribe that it shall become operative only on the happening of some specified contingency. Such a statute lies dormant until called into active force by the existence of the conditions on which it is intended to operate. * * * This contingency may consist of some Act or acts to be performed by public officers, or by the people or parties interested; or it may be the recommendation of a grand jury, or consist of the determination of some fact or state of things on the part of the people or a municipality or other body or officers. The nature of the condition is broadly immaterial." 12 C. J., pp. 864-865, § 365.

The Act here in question was complete in form and substance, and became a law *in præsenti* upon its approval by the Governor. Its scope and object, in so far as the exercise of the State's Legislative power is concerned, were broadly to permit and authorize, upon the terms and conditions prescribed, the establishment and operation of a chain gang in the County of Fairfield—a permission and authority which, it seems, had been, expressly or impliedly, withdrawn or denied by a prior Act of the Legislature abolishing the chain gang in Fairfield County. 32 Stat. at Large, 70. By prescribing, in effect, that the Act should only become operative upon the filing of the written consent of the Legislative Delegation with the Board of County Commis-

sioners, the General Assembly parted with and delegated no legislative power. The public officials constituting the Legislative Delegation were given no power to add a jot to or take a tittle from, the law as enacted. Nothing was left to their discretion as to what should constitute the form and substance of the statute, and, regardless of whether or not it ever became operative by compliance with the condition prescribed by the Legislature itself, it was nevertheless a valid law, in the sense that it was a full and complete expression of the legislative will and power. As is well said in Sutherland on Statutory Construction, § 68:

"The true distinction is between the delegation of power to make the law, which involves a discretion as to what the law should be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no objection can be made."

In so far as the provision with respect to the filing of "consent" by the Legislative Delegation, the contingency upon the happening of which the law was to go into effect, confers any authority or discretion on the persons designated, it is an authority or discretion as to the execution of the law and not as to what the law shall be. In the limited time available to the writer, a discriminating reference to, and citation of, pertinent decisions from other jurisdictions tending to support that view cannot be undertaken. The conclusion, as we apprehend, is in substantial accord with the views of this Court on the question of invalid delegation of legislation as expressed in *Port Royal M. Co. v. Hagood*, 30 S. C., 525; 9 S. E., 686; 3 L. R. A., 841; *Burriss v. Brock*, 95 S. C., 110; 79 S. E., 103, and *Lillard v. Melton*, 103 S. C., 18; 87 S. E., 421. For the reasons indicated, the contention that the Act is void as an unconstitutional delegation of legislative power cannot be sustained.

The second proposition, that the Act attempts to confer

on persons exercising the functions of the Legislative Department of Government the authority to "assume and discharge the duties of the executive" department, in contravention of Section 14, Art. 1, of the Constitution, presents a more serious question. The Act (1) confers upon the members of the Legislative Delegation the authority to approve the election of the superintendent and the guards of the County chain gang and to dismiss the superintendent without notice, and (2) provides that all supplies and materials purchased by the Superintendent, "for the purpose of equipping said chain gang shall be purchased only by and with the consent and approval of the County Legislative Delegation and the Board of County Commissioners." In the recent case of *Spartanburg County, etc. v. L. G. Miller, etc., et al.* (S. C.), 132 S. E., 673, an Act of the General Assembly, conferring upon the Legislative Delegation of Spartanburg County certain administrative powers and duties, was sustained against attack upon the constitutional ground here relied on. In that case it was said:

"It is contended that, in so far as this Act authorizes or attempts to authorize and empower the Legislative Delegation of Spartanburg County to select and employ accountants, to remove them for cause, to fix by contract the compensation of such accountants, and to approve vouchers for their payment, it infringes the foregoing constitutional provision by conferring upon persons exercising the functions of the Legislative Department of Government the duties and functions of the executive department. The question presented is not free from difficulty. The members of the Legislature from Spartanburg County were elected for the purpose of making laws, not of administering them. That as a general rule the Legislature of the State may not, consistently with the constitutional requirement here involved, undertake both to pass laws and to execute them, by setting its own members to the task of discharging such functions

by virtue of their offices as legislators, would seem to be self-evident. The principle, as we apprehend, upon the correct application of which depends the solution of any such problem as to the exercise by the Legislature of non-legislative functions, is that the Legislature may properly engage in the discharge of such functions to the extent, and to the extent only, that their performance is reasonably incidental to the full and effective exercise of its legislative powers. * * * Applying that principle, in the light of the fundamental rule that it is the duty of the judiciary to uphold the constitutionality of a statute, unless its invalidity is manifest beyond a reasonable doubt (*State v. Hammond,* 66 S. C., 219 [44 S. E., 797] ; *Battle v. Wilcox* [128 S. C., 500] 122 S. E., 517), we cannot hold that the statute here in question is so clearly violative of the provisions of Section 14, Art. 1, of the Constitution as to require that it be stricken down. It is the duty of the Legislature, unquestionably, so to legislate as to provide an adequate and efficient system of County Government. * * * It has been expressly held by this Court that the power of appointment to public office does not belong exclusively to the executive department (*Elledge v. Wharton,* 89 S. C., 113 [71 S. E., 657] ; *State v. Bowden,* 92 S. C., 393 [75 S. E., 866]) ; and that the supervision of public work is not an inherent function of the executive department (*Little v. Willimon,* 103 S. C., 50 [87 S. E., 435]). In the cases cited, Acts vesting County Delegations with certain powers of appointment to office and imposing certain duties as to the supervision of administrative service upon such delegations were upheld against attack upon the ground that they contravened the constitutional inhibition against the encroachment of the Legislative upon the executive department of Government. In the case at bar, it is fair to assume that the purpose, or, certainly, one of the purposes, of the 'complete and comprehensive audit of county offices,' etc., authorized by this Act was to obtain information

needed by the General Assembly in the exercise of its strictly legislative functions and duties. If so, in so far as administrative duties are imposed by this Act upon members of the Legislature the discharge of such executive functions may properly be regarded as incidental to, and comprehended within, the scope of their legislative duties."

In the case at bar, the conclusion that the Legislative Delegation could legitimately exercise the power, conferred by this Act, of appointing, or controlling the appointment of, the chain gang superintendent and guards, we think is required by our decisions in *Elledge v. Wharton, supra, State v. Bowden, supra,* and *Spartanburg v. Miller, supra.* If so, the delegation could as legitimately exercise the power, expressly granted, of removal or dismissal. See *Spartanburg v. Miller, supra,* and *State v. Rhame,* 92 S. C., 465; 75 S. E., 881. But, under the principle announced and applied in the case of *Spartanburg v. Miller, supra,* "that the Legislature may properly engage in the discharge of such functions (executive or administrative) to the extent, and to the extent only, that their performance is reasonably incidental to the full and effective discharge of its legislative powers," the propriety of the performance by the Legislature (through the Fairfield Delegation, acting by virtue of their legislative office) of the duty and function of consenting to and approving the purchase of supplies by the superintendent of a county chain gang, is, at best, doubtful. In the view, however, that such provision of the Act is susceptible of the construction that it was intended merely to confer a supervisory authority and to impose a supervisory duty (*Little v. Willimon, supra*), in connection with the establishment of an agency of County Government, as to which the power of the General Assembly to "make special provision" is plenary (Section 11, Art. 7 of the Constitution: *State v. Touchberry,* 121 S. C., 5; 113 S. E., 346, 347), we are of the opinion that the invalidity of the Act as an infringement of

Section 14, Art. 1, of the Constitution cannot soundly be held to be "manifest beyond a reasonable doubt" (*Pouluot v. Cantwell,* 129 S. C., 171; 123 S. E., 651). It follows that appellants' exceptions, directed to that contention, must be overruled.

The appellants' position, that the Circuit Judge erred 3, 4 in refusing the injunction sought upon the ground that, at the time of the commencement of this action, the Act under which defendants were undertaking to proceed had not been put into effect, pursuant to its terms, by the filing of the written consent of the Legislative Delegation, is likewise untenable. At the time of the hearing before the Circuit Judge, it appeared that any question as to such consent had been settled by the filing of the formal written consent of the Delegation with the Board of County Commissioners on July 16, 1925, the day after the commencement of the action. If it be conceded that the acts of the defendants prior to that date were invalid, in what way had the plaintiffs as taxpayers been so injured thereby as to entitle them to the injunction prayed for? The appellants' only theory as to such injury would seem to be embraced in the further contention made that the defendant A. Lee Scruggs had not been lawfully elected or appointed superintendent of the chain gang, and as such entitled to payment of salary out of the taxpayers' money. But plaintiffs' complaint did not disclose that they had any such interest in or title to this office, or claim to the salary thereof, as entitled them to enjoin Scruggs from acting, or the Commissioners from permitting him to act, as such superintendent. The returns of the defendants, since adopted as their answers to the complaint, were in any view sufficient to support a preliminary finding by the Circuit Judge that Scruggs was a *de facto* officer, and as such entitled, as against any claim of these plaintiffs, to have his salary paid by the County. *Elledge v. Wharton,* 89 S. C., 113; 71 S. E., 657; and see *State v. Miller,* 122 S. C., 468; 115 S. E., 742. If so, his

legal conclusion, that no *prima facie* showing of right to injunctive relief had been made, was not erroneous.

The exceptions are overruled, and the order of the Circuit Judge is affirmed.

MESSRS. JUSTICES WATTS and COTHRAN and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.